IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

HEWLETT-PACKARD COMPANY, and HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P.

Plaintiffs,

v.

ICL NETWORK SOLUTIONS (HK), LIMITED,

Defendant.

Civil Action No. 05-40153FDS

**PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

Hewlett-Packard Company and Hewlett-Packard Development Company, LP (collectively "Hewlett-Packard") hereby apply to this Court and requests an expedited hearing therefore, for (1) a temporary restraining order enjoining Defendant ICL Network Solutions (HK), Ltd. ("ICL") from manufacturing, marketing, selling and/or distributing goods bearing counterfeit copies of Hewlett-Packard's federally-registered trademarks, and (2) an order to show cause why a preliminary injunction should not issue.

This application is made pursuant to Lanham Act, 15 U.S.C. Section 1051 *et seq.* and Federal Rule of Civil Procedure 65. As set forth more fully in the accompanying memorandum of points and authorities, this application is based on the grounds that (1) Defendant's acts of trademark counterfeiting and infringement are causing irreparable injury to Hewlett-Packard and are in violation of the Lanham Act, and (2) giving advance notice of this application to Defendant will cause irreparable injury and frustrate the relief Hewlett-Packard seeks in this action. This application is based on the accompanying memorandum of points and authorities

and affidavits, such matters of which this Court may take judicial notice, and such evidence and arguments as may be presented at the hearing before this Court.

Respectfully submitted,

Dated: September 1, 2005

Louis M. Ciavarra (BBO#546481)
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
Telephone: (508) 926-3408
Facsimile: (508) 929-3011

By: ______________________
Louis M. Ciavarra

Attorneys for Plaintiffs
HEWLETT-PACKARD COMPANY and
HEWLETT-PACKARD DEVELOPMENT
COMPANY, L.P.

Of Counsel:
MARTIN R. GLICK
SIMON J. FRANKEL
JIN KIM
SHANNON SCOTT
HOWARD RICE NEMEROVSKI CANADY
FALK & RABKIN

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS CENTRAL DIVISION**

HEWLETT-PACKARD COMPANY, and HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P.

Plaintiffs,

v.

ICL NETWORK SOLUTIONS (HK), LIMITED,

Defendant.

Civil Action No. 05-40153 FDS

**[PROPOSED] ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION WITH TEMPORARY RESTRAINING ORDER**

Upon the application of Plaintiffs Hewlett-Packard Company and Hewlett-Packard Development Company, LP (collectively, "Hewlett-Packard"), the Affidavit of Margie D. Terrell, the Affidavit of Nick Kostoff, the Affidavit of Lisa McPherson, and the Affidavit of Jin H. Kim, the accompanying Memorandum of Points and Authorities, and the Complaint filed in this action, and upon hearing argument, it is hereby:

ORDERED that Defendant ICL Network Solutions (HK) Ltd. show cause in the United States District Court for the District of Massachusetts, before the Honorable ______________________________, in Courtroom ___ of the United States Courthouse located at 595 Main Street, Worcester, Massachusetts, 01618 on the ____ day of ________________, 2005, at _____ _.m., or as soon thereafter as counsel can be heard:

I.

WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED, enjoining Defendant ICL Network Solutions (HK), Ltd. ("ICL"), its employees, agents (including, but not limited to, its shipping and distribution agent Worcester County Air Freight, Inc. ("WCAF"), successors, assigns, attorneys, officers, d/b/a's companies, subsidiaries, proprietorships, and all persons in active concert or participation with them, from:

a. Using HP (U.S. Registration No.'s 1116835 and 1840215); HP AND DESIGN (ROUNDED RECTANGLE) (U.S. Registration No. 1842724); and HP INVENT & DESIGN (U.S. Registration No.'s 2586062 and 2474422) (collectively herein referred to as the "HP Marks"), or any other trademark, service mark, trade name, or logo confusingly similar to the HP Marks, including any reproduction, counterfeit, copy or colorable imitation of the HP Marks, in connection with the advertising, manufacturing, offering for sale, distribution or sale of computer hard drives and/or any other goods not authorized by Hewlett-Packard;

b. Using the HP Marks, or any other trademark, service mark, trade name, or logo confusingly similar to the HP Marks, including any reproduction, counterfeit, copy or colorable imitation of the HP Marks, in any manner likely to cause others to believe that any of Defendant's non-genuine goods are made by, distributed by, associated or connected with Hewlett-Packard's goods or services;

c. Shipping, delivering, importing, distributing, returning, transferring, destroying or otherwise moving or disposing of in any manner such hard drives and/or other goods, packaging or other material falsely bearing or intended to bear the HP Marks or any reproduction, counterfeit, copy or colorable imitation of the same, including, but not limited to, the counterfeit hard drives distributed by ICL that are in the current possession of WCAF at its facilities at 135 Southbridge Street, Auburn, Massachusetts, 01501 (the "WCAF Hard Drives");

d. Passing off, inducing or enabling others to sell or pass off any hard drives and/or other goods which are not authorized by Hewlett-Packard as new and genuine Hewlett-Packard goods;

e. Committing any other acts calculated to cause actual or potential purchasers to believe that Hewlett-Packard is the source or sponsor of Defendant's goods;

f. Assisting, aiding or abetting any supplier, distributor or any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs a through e; and

g. Effecting assignments or transfers, forming new entities or associations or using any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in paragraphs a through f, above.

AND WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED, requiring ICL to give immediate notice by first class mail to all customers in the United States to which it has sold any hard drives and/or other goods which are not authorized by Hewlett-Packard as new and genuine Hewlett-Packard goods within the last twelve (12) months, notifying such customers that such hard drive and/or other goods may be counterfeit.

II.

During the pendency of this Order to Show Cause from the time of service hereof upon the Defendant as Ordered herein until the date for the hearing above set forth, or until such later date and time as may in the future be set by this Court, Defendant, its employees, agents (including, but not limited to, WCAF), successors, assigns, attorneys, officers, d/b/a's companies, subsidiaries, proprietorships, and all persons in active concert or participation with them, are hereby immediately restrained from:

a. Using the HP Marks or any other trademark, service mark, tradename or logo confusingly similar to the HP Marks, including any reproduction, counterfeit, copy or colorable imitation of the HP Marks, in connection with the advertising, manufacturing, offering for sale, distribution or sale of computer hard drives and/or any other goods not authorized by Hewlett-Packard;

b. Using the HP Marks, or any other trademark, service mark, tradename or logo confusingly similar to the HP Marks, including any reproduction, counterfeit, copy or colorable imitation of the HP Marks in any manner likely to cause others to believe that any of Defendant's non-genuine goods are made by, distributed by, associated or connected with Hewlett-Packard's goods or services;

c. Shipping, delivering, printing, ordering, importing, distributing, returning, transferring, destroying or otherwise moving or disposing of in any manner such hard drives and/or other goods, packaging or other material falsely bearing or intended to bear the HP Marks or any reproduction, counterfeit, copy or colorable imitation of the same;

d. Passing off, inducing or enabling others to sell or pass off any hard drives and/or other goods which are not authorized by Hewlett-Packard as new and genuine Hewlett-Packard goods;

e. Committing any other acts calculated to cause actual or potential purchasers to believe that Hewlett-Packard is the source or sponsor of Defendant's goods;

f. Assisting, aiding or abetting any supplier, distributor or any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs a through e; or

g. Effecting assignments or transfers, forming new entities or associations or using any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in paragraphs a through f, above.

Further, during the pendency of this Order to Show Cause from the time of service hereof upon the Defendant as Ordered herein until the date for the hearing above set forth, or until such later date and time as may in the future be set by this Court, Defendant, its employees, agents (including, but not limited to, WCAF), successors, assigns, attorneys, officers, d/b/a's companies, subsidiaries, proprietorships, and all persons in active concert or participation with them, are hereby ordered (1) to hold and maintain the WCAF Hard Drives in a secure and segregated location, and (2) to preserve any and all documents in their possession, custody or control (including but not limited to correspondence, email, bills of sale, bills of lading, or other transfer documents) related to any hard drive and/or other goods, packaging or other material received from or consigned or delivered by ICL Network Solutions (HK), Ltd. that bear any trademarks of Hewlett-Packard, including but not limited to the trademarks HP or HP INVENT.

III.

Hewlett-Packard shall serve as quickly as practicable a copy of the Summons, Complaint, and this Order to Show Cause and Temporary Restraining Order with any accompanying documents on Defendant ICL and on WCAF by personal service or facsimile.

SO ORDERED.

DATED: September ___, 2005

______________________________

UNITED STATES DISTRICT JUDGE