IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HEWLETT-PACKARD COMPANY and )
HEWLETT-PACKARD )
DEVELOPMENT COMPANY, L.P. )
)
    Plaintiffs, )
)
v. )
)
ICL NETWORK SOLUTIONS (HK), )   Civil Action No.
LIMITED, and DOES 1 through 10, )
)   **05-40153 FDS**
    Defendants. )
)
)
)
)
)

**AFFIDAVIT OF MARGIE D. TERRELL IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
ORDER TO SHOW CAUSE**

I, MARGIE D. TERRELL hereby depose and state as follows:

1. I am the Program Manager for Product Identification and Brand Protection in the Division of Supply Chain, Product and Brand Security at Hewlett-Packard Company. I am employed in Houston, Texas. I make this statement in support of Plaintiffs' Application For A Temporary Restraining Order And Order To Show Cause. Except as otherwise indicated in this affidavit, the facts stated herein are known to me of my own personal knowledge and if called upon to do so, I could and would testify thereto.

2. In the course of my duties in the Hewlett-Packard Supply Chain, Product and Brand Security Division, I investigate, track, locate, and identify goods sold by third parties that bear counterfeit marks of Hewlett-Packard Company and Hewlett-Packard Development Company, L.P. (collectively, "Hewlett-Packard"). I have worked for several years to implement security labels for Hewlett-Packard's goods, and I am familiar with, among other things, the legitimate hard drives sold bearing Hewlett-Packard's registered trademarks, the type of labeling and coding used by Hewlett-Packard and its suppliers of hard drives, and the ways in which legitimate, authentic goods may differ from goods not manufactured or authorized by Hewlett-Packard.

3. On August 26, 2005, I examined two hard drives that came from ICL Network Solutions (HK), Ltd. ("ICL"). Based on my inspection of the hard drives, and for the reasons set out below, I have determined that they are not genuine Hewlett-Packard hard drives.

4. Each of the hard drives examined has a counterfeit security label. Neither security label has the covert security features that are required on authentic Hewlett-Packard products.

5. On August 30, 2005, I traveled to Auburn, Massachusetts, to the premises of Worcester County Air Freight, Inc. ("WCAF") at 135 Southbridge Street in Auburn, to inspect the hard drive units being held there. In the course of this inspection, I examined 149 36GB hard

drives (HP Part No. 286776-B22) bearing Hewlett-Packard trademarks. All of these 149 units were counterfeit, based on the following indicia. The security labels on the units bore the wrong color-shifting ink, which is an ordinary feature found on genuine security labels on legitimate Hewlett-Packard goods. The color-shifting on the security labels was also improperly positioned, compared to authentic security labels. Also, the security labels did not have the covert security features that are required on authentic Hewlett-Packard products. Finally, none of the part numbers that I scanned from the boxes indicated the correct part number. Human readable information on the boxes indicated they were a part number 286776-B22 hard drive, which is a 36GB 15k U320 drive, but the barcode number scanned as a part number 286713-B22 hard drive, which is a 36GB 10k U320 drive.

6. I also examined 56 72GB hard drives (HP Part No. 287778-B22) bearing Hewlett-Packard trademarks (out of a total of approximately 180 such drives I believe are present at the site). All of these 56 units were counterfeit, based on the following indicia. The security labels on the units bore the wrong color-shifting ink, which is an ordinary feature found on genuine security labels on legitimate Hewlett-Packard goods. Also, very few of these drives had a readable barcode on the security label. Finally, the security labels did not have the covert security features that are required on authentic Hewlett-Packard products.

Signed under the pains and penalties of perjury this 1st day of September, 2005

_____
MARGIE D. TERRELL