IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

HEWLETT-PACKARD COMPANY,
and HEWLETT-PACKARD
DEVELOPMENT COMPANY, L.P.,

               Plaintiffs,

v.                                                          Civil Action No.:  05-cv-40153 (FDS)

ICL NETWORK SOLUTIONS
(HK) LIMITED,

               Defendant.

## OPPOSITION TO PLAINTIFFS' MOTION FOR A
## PRELIMINARY INJUNCTION

### I.      INTRODUCTION

Defendant ICL Network Solutions (HK) Limited ("ICL Network Solutions") does not own or control the goods for which Plaintiffs have obtained a Temporary Restraining Order and now seek injunctive relief.  Moreover, ICL Network Solutions is a Hong Kong entity that does not have sufficient contacts with Massachusetts (or any other state) to permit the Court's exercise of jurisdiction over it, as set forth in Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, filed on even date herewith.  Without jurisdiction, and because ICL Network Solutions does not own or control the goods that are the subject of the Complaint, and has no affiliation with, or control over, the freight forwarder, an injunction would be improper.

## II.    STATEMENT OF FACTS

ICL Network Solutions is a corporation organized under the laws of Hong Kong, and its registered address, telephone number and fax number are in Hong Kong. Declaration of Irene Chua, at ¶4, attached as Exhibit 1.  ICL Network Solutions has no registered agent for service of process in Massachusetts or anywhere the United States; the company is not registered or licensed to conduct business in Massachusetts or the United States; the company has never maintained manufacturing facilities or offices in the United States; it does not own any real or personal property in Massachusetts or the United States; it has no personnel working or living in Massachusetts or the United States; and has never maintained a bank account or been listed in a telephone directory in Massachusetts or the United States.  Id. at ¶¶4-6.

ICL Network Solutions also does not advertise in the United States or attend trade shows here.  Id. at ¶7.

At the time Plaintiffs filed the Complaint and secured a Temporary Restraining Order, ICL Network Solutions did not, and still does not, own the hard drives that are the subject of the Complaint and Plaintiffs' motion.  Id. at ¶16.  ICL Network Solutions has no control over those goods or over Worcester Air Freight.  Id. at ¶19.  Worcester Air Freight is not in any way affiliated with ICL Network Solutions.  Id.

ICL Network Solutions did sell hard drives with the same part number to a customer in July 2005.  Id. at ¶13.  ICL Network Solutions was paid in full for the products by telegraphic transfers to their Hong Kong bank in July 2005, Id. at ¶14, and title passed to the customer upon payment.  Id. at 17.

ICL Network Solutions purchased the hard drives in good faith from a vendor in China, and they were delivered from the vendor's warehouse in China to ICL Network Solutions in Hong Kong.  Id. at ¶¶10, 15.

ICL Network Solutions does not open or change the packaging on goods they receive, providing them to the customer in the same condition and state as sold by the vendor, without alteration.  Id. at ¶9.

As these facts reveal, Plaintiffs have enjoined the wrong party, and there are insufficient contacts between ICL Network Solutions and Massachusetts, or anywhere else in the United States, to justify entering an injunction or maintaining this suit against ICL Network Solutions.  Moreover, even if jurisdiction were found, the proposed form of injunction is not reasonably tailored to the facts and lacks the specificity required by Fed. R. Civ. P. 65(d), and should be denied.

### III.     LEGAL ARGUMENT

#### A.     A Preliminary Injunction Will Not Preserve the Status Quo

Temporary restraining orders and preliminary injunctions are extraordinary equitable remedies designed to preserve the status quo.  3 J. Thomas McCarthy, *McCarthy on Trademarks & Unfair Competition,* § 30:50 (4th ed. 2005).  Plaintiffs secured an *ex parte* temporary restraining order against the wrong entity, and they are in the process of compounding that error by moving for a preliminary injunction, still against the wrong party.  The injunction they seek will not preserve the status quo.

ICL Network Solutions has not owned the goods in question since July of 2005, well before the goods ever entered the United States.  Chua Dec. at ¶ 16.  ICL Network Solutions sold the goods in Hong Kong to a customer, and they passed from ICL

Network Solutions' control in July 2005.  Id. at ¶18.  ICL Network Solutions was paid in full via telegraphic transfers to their Hong Kong bank in July 2005.  Id. at ¶14.  Title passed to the buyer at the time of payment.  Id. at 17, and Exhibit A thereto.  Thus, ownership transferred in Hong Kong, not in the United States.

Worcester Air Freight is a wholly unrelated company, not hired or engaged by ICL Network Solutions.  Id. at ¶19.  ICL Network Solutions has never communicated with that entity and does not control it.  Id.

ICL Network Solutions did not design, reproduce, manufacture, or have the products or packaging made in the United States, or anywhere else, but purchased them in good faith, in their packaging, from a vendor in China.  Id. at ¶10.  They were delivered from the vendor's warehouse in China to ICL Network Solutions in Hong Kong.  Id. at ¶15.  ICL Network Solutions does not open or change the packaging on goods they receive, providing them to the customer in the same condition and state as sold by the vendor, without alteration.  Id. at ¶9.

Thus, Plaintiffs will not suffer irreparable injury or harm from ICL Network Solutions in the absence of a preliminary injunction because ICL Network Solutions neither owns nor controls the goods that brought Plaintiffs to this court, and has not used Plaintiffs' trademarks except to refer to goods that it reasonably believed originated with Plaintiffs.  To the contrary, it is ICL Network Solutions that has been harmed by Plaintiffs' rush to seek relief, without securing key facts.

B.      This Court Lacks Jurisdiction to Issue the Injunction

This court does not have the jurisdiction over ICL Network Solutions to enter an injunction or maintain the suit.  It is axiomatic that a court acting without jurisdiction

lacks the power to require a party to obey its decrees.  Burnham v. Superior Court, 495 U.S. 604, 608-609, 109 L. Ed. 2d 631, 110 S. Ct. 2105 (1990).  Without jurisdiction, Plaintiffs cannot succeed on the merits, and an injunction would adversely affect the public interest.

Plaintiffs have the burden of establishing personal jurisdiction over ICL Network Solutions.  Ticketmaster-New York v. Alioto, 26 F.3d 201, 207 (1st Cir. 1994) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)).  They have not met that burden.  Plaintiffs allege only that "this action arises out of wrongful acts committed by Defendant in this judicial district which subjects Defendant to the personal jurisdiction of this Court."  Compliant, ¶ 7.  As is clear from the Declaration of Irene Chua, that allegation is simply not accurate.  ICL Network Solutions has committed no acts whatsoever in this judicial district.

For the additional reasons set forth in the Memorandum In Support of ICL Network Solutions' Motion To Dismiss for Lack of Personal Jurisdiction, a more detailed analysis shows that this Court does not have jurisdiction over ICL Network Solutions.  To streamline the Court's review, instead of repeating those arguments in detail here, they are incorporated by reference and the Court is respectfully referred to the Memorandum In Support of ICL Network Solutions' Motion To Dismiss filed on even date herewith.

To summarize, under First Circuit law, the Court does not have personal jurisdiction over ICL Network Solutions unless Massachusetts's long-arm statute (MGL 223A, § 3) or Fed. R. Civ. P. 4(k)(2)) apply.  Exercise of personal jurisdiction under

either MGL 223A, § 3 or Fed. R. Civ. P. 4(k)(2) must be consistent with federal due process. United States v. Swiss Am. Bank, Ltd., 191 F.3d 30, 36 (1st Cir. 1999).

Federal due process requires that ICL Network Solutions have at least a "minimum level of contact" with Massachusetts before personal jurisdiction may be exercised under MGL 223A, § 3. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980); International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). "Minimum contacts" refer to substantively relevant, forum-related facts, and can result in either "general" or "specific" jurisdiction.

The Court undertakes the same "minimum contacts" analysis under Fed. R. Civ. P. 4(k)(2), where the analysis is performed with reference to the United States as a whole, rather than with reference to a particular state. As can be seen from the Declaration of Ms. Chua, ICL Network Solutions simply does not have minimum contacts anywhere in the United States, let alone in Massachusetts, to confer personal jurisdiction. Thus, an injunction would offend due process and must be denied.

C.    The Proposed Scope of the Injunction Does Not Comply With Rule 65(d)

The language of the order proposed by Plaintiffs is not reasonably tailored to the facts as set out above, and does not detail the precluded acts as required by Rule 65(d). For example, the proposed language would require ICL Network Solutions to enforce its terms against Worcester Air Freight, an entity over which it has no control or affiliation.

The Rule requires that an injunction "be specific in terms" and "describe in reasonable detail the act or acts sought to be restrained..." Fed. R. Civ. P. 65(d). Plaintiffs' proposed wording does not specifically detail what acts are to be restrained, speaking instead in legal conclusions: "using the HP Marks or any other trademark,

service mark, trade name or logo confusingly similar to the HP Marks"; "using the HP

Marks … in any manner likely to cause others to believe that any of Defendant's non-

genuine goods are made by, distributed by, associated or connected with Hewlett-

Packard's goods or services…"  Order to Show Cause at ¶1(a),(b).  Courts have vacated

injunctions that, like the proposed wording here, merely restate what the law requires,

without specifying exactly which acts are precluded.  See, e.g., John H. Harland Co. v.

Clarke Checks, Inc., 711 F.2d 966 (11th Cir. 1983) (vacating injunction which prohibited

defendant from using "confusingly similar" trade dress); Calvin Klein Cosmetics Corp. v.

Parums de Couer, Ltd., 824 F.2d 665 (8th Cir. 1987) (vacating injunction precluding use

of materials "likely to confuse, deceive, or mislead the public into believing that

[defendant's] products are associated with, sponsored by, or otherwise affiliated with

[plaintiff's]"); Sterling Drug, Inc. v. Bayer AG, 14 F.3d 733 (2d Cir. 1994) (injunction

vacated that prohibited defendant from "violating any of [plaintiff's] rights in the

trademark  and trade name BAYER under the Lanham Trademark Act.").  Accordingly,

the proposed injunction should be denied.

## CONCLUSION

Based on the foregoing, ICL Network Solutions respectfully urges that the

Temporary Restraining Order be vacated, the preliminary injunction be denied, and that

the Complaint be dismissed as to it with prejudice pursuant to Fed. R. Civ. P. 12(b)(2) for

lack of personal jurisdiction.

                                    Respectfully submitted,

Dated: September 22, 2005          _____/s/ Ann Lamport Hammitte_____
                                    Ann Lamport Hammitte, BBO No. 553,263
                                    Emily A. Berger, BBO No. 650,841
                                    LOWRIE, LANDO & ANASTASI, LLP
                                    One Main Street - 11th Floor
                                    Cambridge, MA 02142
                                    Tel: 617-395-7000
                                    Fax: 617-395-7070


                        <u>CERTIFICATE OF SERVICE</u>

        I hereby certify that a true copy of the foregoing Opposition to Plaintiffs' Motion
for a Preliminary Injunction was served upon counsel listed below by electronically filing
with the court on September 22, 2005.


                        Louis M. Ciavarra, Esq.
                        Bowditch & Dewey, LLP
                        311 Main Street
                        P.O. Box 15156
                        Worcester, MA 01615-0156
                        lciavarra@bowditch.com




                        _____/s/ Emily A. Berger_____



8

Exhibit 1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| HEWLETT-PACKARD COMPANY, and HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P. | ) ) ) ) | |
| Plaintiffs, | ) ) ) | Civil Action No.: 05-40153-(FDS) |
| v. | ) ) | |
| ICL NETWORK SOLUTIONS (HK) LIMITED | ) ) ) | |
| Defendant. | ) ) ) | |

DECLARATION OF IRENE CHUA

1. My name is Irene Chua, and I am an owner of ICL Network Solutions (HK) Limited. I have been with the company since June 23, 2004.

2. This declaration is made based on my personal knowledge, and I am competent to testify to the subjects herein should I be called upon to do so.

3. ICL Network Solutions (HK), Ltd. was founded on March 30, 2004 and is an independent distributor for various networking and storage products.

4. ICL Network Solutions is a small, privately held Limited Hong Kong company. Our registered business address is 1601-1603 Kinwick Centre, 32 Hollywood Road, Central, Hong Kong. Our telephone and fax numbers are likewise in Hong Kong, and so are Hong Kong exchanges: Telephone: (852) 2851-2272 and Fax: (852) 2545-0550. We are not listed in any U.S. directory.

5. ICL Network Solutions have no place of business, no employees, no sales representatives, no distributors and no agents in Massachusetts or anywhere in the United States, and our company is not licensed to do business anywhere in that country, and we do not pay taxes there.

6. ICL Network Solutions also have no offices, no property, no personnel, no manufacturing facilities, and no bank accounts in the U.S.

7. Our company does not advertise in any U.S. magazine or newspaper, and ICL Network Solutions attends no trade shows in the U.S.

8. Customers purchase products from us by contacting us.

9. Our products are always new, in unopened boxes, unless they are specified as refurbished, used, pulls, etc. ICL Network Solutions do not open the boxes when the goods are delivered to us by the vendor. We deliver in the same condition and state as it was delivered to us, without altering anything whatsoever.

10. Our company has only recently started offering hardware products, and we were shocked to learn that Hewlett Packard believes that products we were sold are not real Hewlett Packard products. We purchased them in good faith from a reputable company located in China.

11. The products appeared to us to be in the original packaging. We did not design, reproduce, manufacture, or have them made in the U.S., or anywhere else. And in particular, ICL Network Solutions has never designed, manufactured, or sold any accused hard drives in Massachusetts.

12. In fact, we have been very careful to properly use the trademarks of others, and have made sure to advise the public of their rights. As an example, this is the statement that appears throughout our company's website: "All SUN, Compaq, Cisco, 3COM, Hewlett Packard and IBM products and product service names mentioned herein and in linked pages are trademarks, or registered trademarks of their respective owners/companies or mark holders. ICL Network Solutions (HK) Ltd. is an independent dealer and is in no way affiliated with Sun Microsystems or any other company."

13. ICL Network Solutions did sell the same part number that Hewlett Packard complains about to a customer back in July of this year. Copies of those invoices, redacted to preserve our customer's confidentiality, are attached as Exhibit A.

14. Our company received payments from that customer over several days in July 2005, directly to our Hong Kong bank. The payments were TT (telegraphic transfer) in advance, and our customer made full payment before we released the products to them. In Exhibit B are redacted copies of the statements from our bank account showing the wire transfers.

15. The products were in our vendor's warehouse in China when we received payment in full from our customer, and only upon receipt of payment did we place the order to our vendor.

16. ICL Network Solutions do not now own the products that Hewlett Packard is objecting to, and did not own them at the time we were sued.

3

17. As our company's invoice states, "Title and risk of loss for the goods identified in this invoice pass to the Buyer upon receipt by Seller of Buyer's payment in full."

18. We have had no control over the products we sold since they were sold back in July of 2005.

19. We did not hire the freight forwarder, Worcester Air Freight, mentioned in the complaint and we have never communicated with them or done any business with them. We cannot control what they do.

20. At the request of our customer, we did inquire whether a California company identified by our customer would be interested in acquiring the hard drives from our customer, but we did so as a favor, not as the owners of the goods. In fact, the cost of shipping the samples to that company from our customer's warehouse were not paid for by us.

21. As far as we know, this is the first time any Hewlett Packard products that we have sold ever arrived in Massachusetts, although I suppose it is possible that some product reached the U.S. without our knowledge, since our customers have no obligation to tell us what they do with the hardware after purchase.

22. I see that Hewlett Packard thinks ICL Network Solutions sold some products to Computer Superstore, Fred Farahmand, The Comp Ltd., Hersel Neman, or Robert Neman back in 2003. ICL Network Solutions never sold any products to

4

17. As our company's invoice states, "Title and risk of loss for the goods identified in this invoice pass to the Buyer upon receipt by Seller of Buyer's payment in full."

18. We have had no control over the products we sold since they were sold back in July of 2005.

19. We did not hire the freight forwarder, Worcester Air Freight, mentioned in the complaint and we have never communicated with them or done any business with them. We cannot control what they do.

20. At the request of our customer, we did inquire whether a California company identified by our customer would be interested in acquiring the hard drives from our customer, but we did so as a favor, not as the owners of the goods. In fact, the cost of shipping the samples to that company from our customer's warehouse were not paid for by us.

21. I see that Hewlett Packard thinks ICL Network Solutions sold some products to Computer Superstore, Fred Farahmand, The Comp Ltd., Hersel Neman, or Robert Neman back in 2003. ICL Network Solutions never sold any products to these companies or people, and could not have done since ICL Network Solutions was not incorporated until 2004.

I hereby swear under the pains and penalties of perjury that the foregoing is true to the best of my knowledge and belief.

FURTHER AFFIANT SAYETH NOT.

Sept 2(, 2005
_____
Date

_____
Irene Chua

4

Exhibit A

# ICL NETWORK SOLUTIONS (HK) LIMITED   Invoice

1601-03 Kinwick Centre
32 Hollywood Road, Central Hong Kong
Phone: (852) 2851 2272
Fax: (852) 2545 0550

| Date | Number |
|------|--------|
| 7/21/2005 | 1303 |

**Bill to**

REDACTED

**Ship to**

REDACTED

| PO NUMBER | TERMS | SHIP DATE | SHIP VIA | Ex WORKS |
|-----------|-------|-----------|----------|----------|
| 000612 | TT in Advance | 7/21/2005 | DHL | Hong Kong |

| QTY | ITEM CODE | DESCRIPTION | PRICE EACH | AMOUNT |
|-----|-----------|-------------|------------|--------|
| 120 | 286778-B22 | 72.8GB U320 SCSI 15KRPM<br>Serial Nos.:<br>705QLSJ13F, 703ILSJ13F, 7032LSJ13F, 7033LSJ13F,<br>7034LSJ13F, 7035LSJ13F, 7036LSJ13F,<br>7037LSJ13F , 7038LSJ13F, 7039LSJ13F,<br>703ALSJ13F,703BLSJ13F, 703CLSJ13F, 703DLSJ13F,<br>703ELSJ13F ,703FLSJ13F, 703GLSJ13F ,<br>703HLSJ13F, 703ILSJ13F, 703KLSJ13F, 703LLSJ13F,<br>703MLSJ13F, 703NLSJ13F, 703PLSJ13F,<br>703QLSJ13F, 703RLSJ13F, 703SLSJ13F, 703TLSJ13F,<br>703ULSJ13F, 703VLSJ13F, 703WLSJ13F,<br>703XLSJ13F, 703YLSJ13F, 703ZLSJ13F, 7041LSJ13F,<br>7042LSJ13F, 7043LSJ13F, 7044LSJ13F, 7045LSJ13F,<br>7046LSJ13F, 7047LSJ13F , 7048LSJ13F,<br>7049LSJ13F ,704ALSJ13F, 704BLSJ13F, 704CLSJ13F,<br>704DLSJ13F, 704ELSJ13F, 704FLSJ13F,<br>704GLSJ13F, 704HLSJ13F, 704JLSJ13F ,<br>704KLSJ13F, 704LLSJ13F, 704MLSJ13F,<br>704NLSJ13F,<br>704PLSJ13F, 704QLSJ13F, 704RLSJ13F, 704SLSJ13F,<br>704TLSJ13F, 704ULSJ13F, 704VLSJ13F ,<br>704WLSJ13F, 704XLSJ13F, 704YLSJ13F,<br>704ZLSJ13F, 7051LSJ13F ,7052LSJ13F, 7053LSJ13F,<br>7054LSJ13F, 7055LSJ13F, 7056LSJ13F, 7057LSJ13F,<br>7058LSJ13F, 7059LSJ13F, 705ALSJ13F,<br>705BLSJ13F, 705CLSJ13F, 705DLSJ13F, 705ELSJ13F,<br>705FLSJ13F, 705HLSJ13F, 705JLSJ13F,<br>705KLSJ13F, 705LLSJ13F, 705NLSJ13F, 705PLSJ13F, | REDACTED | |

**IN BEHALF OF ICL NETWORK SOLUTIONS (HK) LTD.**

Authorized Signatory    90 Days Warranty

**Total** REDACTED

Title and risk of loss for the goods identified on this invoice pass to the Buyer upon receipt by Seller or Buyer's payment in full. Buyer agrees to comply with US and Canada export laws, and all laws of the importing country. Products should not be sold or diverted to any organizations, countries, or any end-users, whether your customer or your customer's customer who are involve or identified as engaging in activities related to nuclear / chemical / biological weapons or missile technology or other activities related to the proliferation or weapons of mass destruction. All such end-users / applications require Individual Validated Export Licenses (IVL's) from the US Department of Commerce. Payment by the Buyer constitutes the acceptance of the terms and conditions of this Invoice which supercede any inconsistent or additional terms or conditions previously proposed by either the Buyer or the Seller.

RETURN CLAUSE: Our Return Merchandise Agreement (RMA) gives you a maximum of 30 days (or less depending on ICL Vendor's own policy, but not to go below 15 days) within which to return an item. Failure to comply will automatically render the item as sold and customer forfeits its right to return. The allowable time frame is valid from date of acceptance by ICL, for reasons such as factory defect, faulty performance (subject to test at depot), or wrong item delivered. Any reason other than what have been specified is subject to deliberation by ICL---upon acceptance however, a restocking fee of 20% will be charged and shall be deemed payable prior to return. ICL will shoulder freight expense for all returned merchandise. An item for return that lapses into

# ICL NETWORK SOLUTIONS (HK) LIMITED

**Invoice**

1601-03 Kinwick Centre
32 Hollywood Road, Central Hong Kong
Phone: (852) 2851 2272
Fax: (852) 2545 0550

| Date | Number |
|------|--------|
| 7/21/2005 | 1303 |

| Bill to | Ship to |
|---------|---------|
| REDACTED | REDACTED |

| PO NUMBER | TERMS | SHIP DATE | SHIP VIA | Ex Works |
|-----------|-------|-----------|----------|----------|
| 000612 | TT in Advance | 7/21/2005 | DHL | Hong Kong |

| QTY | ITEM CODE | DESCRIPTION | PRICE EACH | AMOUNT |
|-----|-----------|-------------|------------|--------|
| | | 705QLSJ13F, 705RLSJ13F, 705TLSJ13F, 705ULSJ13F, 705VLSJ13F,705WLSJ13F,705XLSJ13F, 705YLSJ13F, 705ZLSJ13F, 7061LSJ13F, 7062LSJ13F, 7063LSJ13F, 7064LSJ13F, 7065LJ13F, 7066LSJ13F , 7067LSJ13F , 7068LSJ13F, 7069LSJ13F, 706ALSJ13F, 706BLSJ13F, 706CLSJ13F,706DLSJ13F, 706FLSJ13F, 706HLSJ13F 706JLSJ13F, 706KLSJ13F, 706LLSJ13F, 706NLSJ13F, 705GLSJ13F, 705MLSJ13F, 706MLSJ13F & 706GLSJ13F <br><br> Country of Origin: China <br><br> Harmonized Code: 8473.30.0000 <br><br> PRODUCTS ARE MADE OF PLASTIC AND ALLOY METAL <br><br> PRICES ARE IN U.S. DOLLAR | *160 kgs* <br> *20 cartons* <br> *80 x 48 x 34 cm* <br> *195 - 2007.920* <br><br> *HKD 266,976.00* <br> *56349 M3 COODRIN* | |

IN BEHALF OF ICL NETWORK SOLUTIONS (HK) LTD.

Authorized Signatory

**90 Days Warranty**

**Total** REDACTED

Title and risk of loss for the goods identified on this invoice pass to the Buyer upon receipt by Seller of Buyer's payment in full. Buyer agrees to comply with US and Canada Export laws, and all laws of the importing country. Products should not be sold or diverted to any organizations, countries, or any end-users, whether your customer or your customer's customer who are involve or identified as engaging in activities related to nuclear / chemical / biological weapons or missile technology or other activities related to the proliferation or weapons of mass destruction. All such end-users / applications require Individual Validated Export Licenses (IVL's) from the US Department of Commerce. Payment by the Buyer constitutes the acceptance of the terms and conditions of this Invoice which supercede any inconsistent or additional terms or conditions previously proposed by either the Buyer or the Seller.

RETURN CLAUSE: Our Return Merchandise Agreement (RMA) gives you a maximum of 30 days (or less depending on ICL Vendor's own policy, but not to go below 15 days) within which to return an item. Failure to comply will automatically render the item as sold and customer forfeits its right to return. The allowable time frame is valid from date of acceptance by ICL, for reasons such as factory defect, faulty performance (subject to test at depot), or wrong item delivered. Any reason other than what have been specified is subject to deliberation by ICL---upon acceptance however, a restocking fee of 20% will be charged and shall be

**Invoice**

GENERAL NETWORK SOLUTIONS (HK) LIMITED
501-03 Kinwick Centre
2 Hollywood Road, Central Hong Kong
Phone: (852) 2851 2272
Fax: (852) 2545 0550

| Date | Number |
|---|---|
| 7/13/2005 | 1293 |

| Bill to | Ship to |
|---|---|
| REDACTED | REDACTED |

| PO NUMBER | TERMS | SHIP DATE | SHIP VIA | Ex WORKS |
|---|---|---|---|---|
| 000612 | TT in Advance | 7/13/2005 | DHL | Hong Kong |

| QTY | ITEM CODE | DESCRIPTION | PRICE EACH | AMOUNT |
|---|---|---|---|---|
| 80 | 286776-B22 | 36GB 15K RPM Hard Disk Drive for ML570<br>Serial Nos.:<br>07GLSH11D, 7181LSH11D, 7067LSH11D, 7068LSH11D,<br>7069LSH11D, 706ELSH11D, 706QLSH11D,<br>706TLSH11D, 706WLSH11D, 707DLSH11D, 707FLSH11D,<br>707HLSH11D, 707JLSH11D, 707KLSH11D,<br>7110LSH11D, 7111LSH11D, 7112LSH11D, 7113LSH11D,<br>7114LSH11D, 7115LSH11D, 7116LSH11D,<br>7117LSH11D, 7118LSH11D, 7119LSH11D, 7120LSH11D,<br>7121LSH11D, 7122LSH11D, 7124LSH11D,<br>7125LSH11D, 7127LSH11D, 7128LSH11D, 7129LSH11D,<br>7130LSH11D, 7131LSH11D, 7132LSH11D,<br>7133LSH11D, 7134LSH11D, 7135LSH11D, 7136LSH11D,<br>7137LSH11D, 7138LSH11D, 7139LSH11D,<br>7140LSH11D, 7141LSH11D, 7142LSH11D, 7143LSH11D,<br>7144LSH11D, 7145LSH11D, 7146LSH11D,<br>7147LSH11D, 7148LSH11D, 7149LSH11D, 7151LSH11D,<br>7152LSH11D, 7153LSH11D, 7154LSH11D,<br>7155LSH11D, 7156LSH11D, 7157LSH11D, 7158LSH11D,<br>7159LSH11D, 7160LSH11D, 7161LSH11D,<br>7162LSH11D, 7163LSH11D, 7165LSH11D, 7166LSH11D,<br>7167LSH11D, 7168LSH11D, 7169LSH11D,<br>7170LSH11D, 7171LSH11D, 7172LSH11D, 7173LSH11D,<br>7174LSH11D, 7180LSH11D, 7181LSH11D<br>7182LSH11D, 7186LSH11D & 7302LSH11D<br><br>Country of Origin: China<br><br>Harmonized Code: 8473.30.0000 | REDACTED | |

ON BEHALF OF ICL NETWORK SOLUTIONS (HK), LTD.

Authorized Signatory

90 Days Warranty

**Total**

Title and risk of loss for the goods identified in this invoice pass to the Buyer upon receipt by Seller of Buyer's payment in full. Buyer agrees to comply with US and Canada Export laws, and all laws of the importing country. Products should not be sold or diverted to any organizations, countries, or any end-users, whether your customer or your customer's customer who are involve or identified as engaging in activities related to nuclear / chemical / biological weapons or missile technology or other activities related to the proliferation or weapons of mass destruction. All end-users / applications require Individual Validated Export Licenses (IVL's) from the US Department of Commerce. Payment by the Buyer constitutes the acceptance of the terms and conditions of this Invoice which supercede any inconsistent or additional terms or conditions previously proposed by either the Buyer or the Seller.

RETURN CLAUSE: Our Return Merchandise Agreement (RMA) gives you a maximum of 30 days (or less depending on ICL Vendor's own policy, but not to go below 15 days) within which to return an Item. Failure to comply will automatically render the Item as old and customer forfeits its right to return. The allowable time frame is valid from date of acceptance by ICL, for reasons such as factory defect, faulty performance (subject to test at depot), or wrong Item delivered. Any reason other than what have been specified is subject to deliberation by ICL---upon acceptance however, a restocking fee of 20% will be charged and shall be deemed payable prior to return. ICL will shoulder freight expense for all returned merchandise. An Item for return that lapses into warranty will follow as validity period that which comes sooner.

# ICL NETWORK SOLUTIONS (HK), LIMITED  **Invoice**

1601-03 Kinwick Centre
32 Hollywood Road, Central Hong Kong
Phone: (852) 2851 2272
Fax: (852) 2545 0550

| Date | Number |
|------|--------|
| 7/13/2005 | 1293 |

**Bill to**

REDACTED

**Ship to**

REDACTED

| PO NUMBER | TERMS | SHIP DATE | SHIP VIA | Ex WORKS |
|-----------|-------|-----------|----------|----------|
| 000612 | TT In Advance | 7/13/2005 | DHL | Hong Kong |

| QTY | ITEM CODE | DESCRIPTION | PRICE EACH | AMOUNT |
|-----|-----------|-------------|------------|--------|
| | | PRODUCTS ARE MADE OF PLASTIC AND ALLOY METAL | | |
| | | PRICES ARE IN U.S. DOLLARS | | |

IN BEHALF OF ICL NETWORK SOLUTIONS (HK), LTD.

_____

**Authorized Signatory**       **90 Days Warranty**

**Total**    REDACTED

Title and risk of loss for the goods identified in this invoice pass to the Buyer upon receipt by Seller or Buyer's payment in full. Buyer agrees to comply with US and Canada Export laws, and all laws of the importing country. Products should not be sold or diverted to any organizations, countries, or any end-users, whether your customer or your customer's customer who are involve or identified as engaging in activities related to nuclear / chemical / biological weapons or missile technology or other activities related to the proliferation or weapons of mass destruction. All such end-users / applications require Individual Validated Export Licenses (IVL's) from the US Department of Commerce. Payment by the Buyer constitutes the acceptance of the terms and conditions of this Invoice which supercede any inconsistent or additional terms or conditions previously proposed by either the Buyer or the Seller.

**RETURN CLAUSE: Our Return Merchandise Agreement (RMA) gives you a maximum of 30 days (or less depending on ICL Vendor's own policy, but not to go below 15 days) within which to return an item. Failure to comply will automatically render the item as sold and customer forfeits its right to return. The allowable time frame is valid from date of acceptance by ICL, for reasons such as factory defect, faulty performance (subject to test at depot), or wrong item delivered. Any reason other than what have been specified is subject to deliberation by ICL---upon acceptance however, a restocking fee of 20% will be charged and shall be deemed payable prior to return. ICL will shoulder freight expense for all returned merchandise. An item for return that lapses into**

**32 Hollywood Road, Central Hong Kong**
**Phone: (852) 2851 2272**
**Fax: (852) 2545 0550**

| Date | Number |
|------|--------|
| 7/16/2005 | 1297 |

| Bill to | Ship to |
|---------|---------|
| REDACTED | REDACTED |

| PO NUMBER | TERMS | SHIP DATE | SHIP VIA | Ex WORKS |
|-----------|-------|-----------|----------|----------|
| 000612 | TT in Advance | 7/16/2005 | DHL | Hong Kong |

| QTY | ITEM CODE | DESCRIPTION | PRICE EACH | AMOUNT |
|-----|-----------|-------------|------------|--------|
| 119 | 286776-B22 | 36GB 15K RPM Hard Disk Drive for ML570 | | |
| | | **Country of Origin: China** | | |
| | | **Harmonized Code: 8473.30.0000** | | |
| | | **PRODUCTS ARE MADE OF PLASTIC AND ALLOY METAL** | | |
| | | **PRICES ARE IN U.S. DOLLAR** | | |

IN BEHALF OF ICL NETWORK SOLUTIONS (HK) LTD.

Authorized Signatory

**90 Days Warranty**

**Total** REDACTED

Title and risk of loss for the goods identified in this invoice pass to the Buyer upon receipt by Seller of Buyer's payment in full. Buyer agrees to comply with US and Canada Export laws, and all laws of the importing country. Products should not be sold or diverted to any organizations, countries, or any end-users, whether your customer or your customer's customer who are involve or identified as engaging in activities related to nuclear / chemical / biological weapons or missile technology or other activities related to the proliferation or weapons of mass destruction. All such end-users / applications require Individual Validated Export Licenses (IVL's) from the US Department of Commerce. Payment by the Buyer constitutes the acceptance of the terms and conditions of this Invoice which supercede any inconsistent or additional terms or conditions previously proposed by either the Buyer or the Seller.

**RETURN CLAUSE:** Our Return Merchandise Agreement (RMA) gives you a maximum of 30 days (or less depending on ICL Vendor's own policy, but not to go below 15 days) within which to return an item. Failure to comply will automatically render the item as sold and customer forfeits its right to return. The allowable time frame is valid from date of acceptance by ICL, for reasons such as factory defect, faulty performance (subject to test at depot), or wrong item delivered. Any reason other than what have been specified is subject to deliberation by ICL---upon acceptance however, a restocking fee of 20% will be charged and shall be deemed payable prior to return. ICL will shoulder freight expense for all returned merchandise. An item for return that lapses into warranty will follow as validity period that which comes sooner.

# ICL NETWORK SOLUTIONS (HK), LIMITED   **Invoice**

**1601-03 Kinwick Centre**
**32 Hollywood Road, Central Hong Kong**
**Phone: (852) 2851 2272**
**Fax: (852) 2545 0550**

| Date | Number |
|------|--------|
| 7/15/2005 | 1296 |

| Bill to | Ship to |
|---------|---------|
| REDACTED | REDACTED |

| PO NUMBER | TERMS | SHIP DATE | SHIP VIA | Ex WORKS |
|-----------|-------|-----------|----------|----------|
| 000612 | TT in Advance | 7/15/2005 | DHL | Hong Kong |

| QTY | ITEM CODE | DESCRIPTION | PRICE EACH | AMOUNT |
|-----|-----------|-------------|------------|--------|
| 90 | 286778-B22 | 72.8GB U320 SCSI 15KRPM | REDACTED | |
| | | 202BLSJ13F, 7001LSJ13F,7002LSJ13F, 7003LSJ13F, 7004LSJ13F, 7005LSJ13F | | |
| | | 7006LSJ13F, 7007LSJ13F, 7008LSJ13F, 7009LSJ13F, 700ALSJ13F, 700BLSJ13F | | |
| | | 700CLSJ13F, 700DLSJ13F, 700ELSJ13F, 700FLSJ13F, 700GLSJ13F, 700HLSJ13F | | |
| | | 700JLSJ13F, 700KLSJ13F, 700LLSJ13F, 700MLSJ13F, 700NLSJ13F, 700PLSJ13F | | |
| | | 700QLSJ13F, 700RLSJ13F, 700SLSJ13F, 700TLSJ13F, 700ULSJ13F, 700VLSJ13F | | |
| | | 700VLSJ13F, 700WLSJ13F, 700XLSJ13F, 700YLSJ13F, 700ZLSJ13F, 7011LSJ13F | | |
| | | 7012LSJ13F, 7013LSJ13F, 7014LSJ13F, 7015LSJ13F, 7016LSJ13F, 7016LSJ13F | | |
| | | 7017LSJ13F, 7018LSJ13F, 7019LSJ13F, 701ALSJ13F, 701BLSJ13F, 701CLSJ13F | | |
| | | 701DLSJ13F, 701ELSJ13F, 701FLSJ13F, 701GLSJ13F, 701HLSJ13F, 701JLSJ13F | | |
| | | 701KLSJ13F, 701LLSJ13F, 701MLSJ13F, 701NLSJ13F, 701PLSJ13F, 701QLSJ13F | | |
| | | 701RLSJ13F, 701SLSJ13F, 701TLSJ13F, 701ULSJ13F, 701VLSJ13F, 701WLSJ13F | | |
| | | 701XLSJ13F, 701YLSJ13F, 701ZLSJ13F, 7022LSJ13F, 7023LSJ13F, 7024LSJ13F | | |
| | | 7025LSJ13F, 7027LSJ13F, 7028LSJ13F, 7029LSJ13F, 702ALSJ13F, 702CLSJ13F | | |

*(handwritten annotations on invoice: 19s 2037 992; 50x48x38cm; 15c/ns; 125/gs; HKD 200,257.30; SA 399 MB C00B995)*

**IN BEHALF OF ICL NETWORK SOLUTIONS (HK), LTD.**

**Authorized Signatory**

**90 Days Warranty**

| | Total |
|--|-------|
| | |

Title and risk of loss for the goods described in this invoice pass to the Buyer upon receipt by Seller of Buyer's payment in full. Buyer agrees to comply with US and Canada Export laws, and all laws of the importing country. Products should not be sold or diverted to any organizations, countries, or any end-users, whether your customer or your customer's customer who are involve or identified as engaging in activities related to nuclear / chemical / biological weapons or missile technology or other activities related to the proliferation or weapons of mass destruction. All such end-users / applications require Individual Validated Export Licenses (IVL's) from the US Department of Commerce. Payment by the Buyer constitutes the acceptance of the terms and conditions of this Invoice which supercede any inconsistent or additional terms or conditions previously proposed by either the Buyer or the Seller.

**RETURN CLAUSE:** Our Return Merchandise Agreement (RMA) gives you a maximum of 30 days (or less depending on ICL Vendor's own policy, but not to go below 15 days) within which to return an item. Failure to comply will automatically render the item as sold and customer forfeits its right to return. The allowable time frame is valid from date of acceptance by ICL, for reasons such as factory defect, faulty performance (subject to test at depot), or wrong item delivered. Any reason other than what have been specified is subject to deliberation by ICL---upon acceptance however, a restocking fee of 20% will be charged and shall be deemed payable prior to return. ICL will shoulder freight expense for all returned merchandise. An item for return that lapses into warranty will follow as validity period that which comes sooner.

# ICL NETWORK SOLUTIONS (HK), LIMITED

**Invoice**

1601-03 Kinwick Centre
32 Hollywood Road, Central Hong Kong
Phone: (852) 2851 2272
Fax: (852) 2545 0550

| Date | Number |
|------|--------|
| 7/15/2005 | 1296 |

| Bill to | Ship to |
|---------|---------|
| REDACTED | REDACTED |

| PO NUMBER | TERMS | SHIP DATE | SHIP VIA | Ex WORKS |
|-----------|-------|-----------|----------|----------|
| 000612 | TT in Advance | 7/15/2005 | DHL | Hong Kong |

| QTY | ITEM CODE | DESCRIPTION | PRICE EACH | AMOUNT |
|-----|-----------|-------------|------------|--------|
| | | 702DLSJ13F, 702ELSJ13F, 702FLSJ13F, 702GLSJ13F, 702HLSJ13F, 702ILSJ13F 702JLSJ13F, 702KLSJ13F, 702LLSJ13F, 702MLSJ13F, 702NLSJ13F & 702PLSJ13F | | |

IN BEHALF OF ICL NETWORK SOLUTIONS (HK), LTD.

**Authorized Signatory**

**90 Days Warranty**

**Total**

Title and risk of loss for the goods identified on this invoice pass to the Buyer upon receipt by Seller of Buyer's payment in full. Buyer agrees to comply with US and Canada Export laws, and all laws of the importing country. Products should not be sold or diverted to any organizations, countries, or any end-users, whether your customer or your customer's customer who are involve or identified as engaging in activities related to nuclear / chemical / biological weapons or missile technology or other activities related to the proliferation or weapons of mass destruction. All such end-users / applications require Individual Validated Export Licenses (IVL's) from the US Department of Commerce. Payment by the Buyer constitutes the acceptance of the terms and conditions of this Invoice which supercede any inconsistent or additional terms or conditions previously proposed by either the Buyer or the Seller.

RETURN CLAUSE: Our Return Merchandise Agreement (RMA) gives you a maximum of 30 days (or less depending on ICL Vendor's own policy, but not to go below 15 days) within which to return an item. Failure to comply will automatically render the item as sold and customer forfeits its right to return. The allowable time frame is valid from date of acceptance by ICL, for reasons such as factory defect, faulty performance (subject to test at depot), or wrong item delivered. Any reason other than what have been specified is subject to deliberation by ICL---upon acceptance however, a restocking fee of 20% will be charged and shall be

# ICL NETWORK SOLUTIONS (HK) LIMITED

**Invoice**

1601-03 Kinwick Centre
32 Hollywood Road, Central Hong Kong
Phone: (852) 2851 2272
Fax: (852) 2545 0550

| Date | Number |
|------|--------|
| 7/15/2005 | 1296 |

**Bill to**

REDACTED

**Ship to**

REDACTED

| PO NUMBER | TERMS | SHIP DATE | SHIP VIA | Ex WORKS |
|-----------|-------|-----------|----------|----------|
| 000612 | TT in Advance | 7/15/2005 | DHL | Hong Kong |

| QTY | ITEM CODE | DESCRIPTION | PRICE EACH | AMOUNT |
|-----|-----------|-------------|------------|--------|
| | | **Country of Origin: China** | | |
| | | **Harmonized Code: 8473.30.0000** | | |
| | | **PRODUCTS ARE MADE OF PLASTIC AND ALLOY METAL** | | |
| | | **PRICES ARE IN U.S. DOLLAR** | | |

IN BEHALF OF ICL NETWORK SOLUTIONS (HK) LTD.

**Authorized Signatory**

**90 Days Warranty**

**Total** REDACTED

Title and risk of loss for the goods identified in this invoice pass to the Buyer upon receipt by Seller of Buyer's payment in full. Buyer agrees to comply with US and Canadian export laws, and all laws of the importing country. Products should not be sold or diverted to any organizations, countries, or any end-users, whether your customer or your customer's customer who are involve or identified as engaging in activities related to nuclear / chemical / biological weapons or missile technology or other activities related to the proliferation or weapons of mass destruction. All such end-users / applications require Individual Validated Export Licenses (IVL's) from the US Department of Commerce. Payment by the Buyer constitutes the acceptance of the terms and conditions of this Invoice which supercede any inconsistent or additional terms or conditions previously proposed by either the Buyer or the Seller.

RETURN CLAUSE: Our Return Merchandise Agreement (RMA) gives you a maximum of 30 days (or less depending on ICL Vendor's own policy, but not to go below 15 days) within which to return an item. Failure to comply will automatically render the item as sold and customer forfeits its right to return. The allowable time frame is valid from date of acceptance by ICL, for reasons such as factory defect, faulty performance (subject to test at depot), or wrong item delivered. Any reason other than what have been specified is subject to deliberation by ICL---upon acceptance however, a restocking fee of 20% will be charged and shall be

Exhibit B

**BEA 東亞銀行**

FX SETTLEMENT DEPARTMENT - REMITTANCE SECTION

CREDIT ADVICE

ICL NETWORK SOLUTIONS (HK) LTD                    DATE: 06 JUL 2005
SUITES 1-3  16/F  KINWICK CTR
32 HOLLYWOOD ROAD
CENTRAL
HONG KONG

A/C NO.  REDACTED

USD ****** REDACTED HAS BEEN CREDITED TO YOUR ACCOUNT TODAY

BEING REMITTANCE FROM WELLS FARGO BK NA SAN FRANCISCO

FOR  USD ********

BY ORDER OF    REDACTED

ORDERING INSTITUTION:    REDACTED
PAYMENT DETAILS : /RFB/000000151
                 PO612

OUR REF NO.: TT50706320-00

COMPUTER GENERATED ADVICE, NO AUTHORISED SIGNATURE(S) IS(ARE) REQUIRED.

The Bank of East Asia, Limited  東亞銀行有限公司
10 Des Voeux Road Central, Hong Kong  香港中環德輔道中10號
Telephone 電話 (852) 2842 3200  Facsimile 傳真 (852) 2845 9333  Telex 電傳 HX 73017
www.hkbea.com

# BEA 東亞銀行

FX SETTLEMENT DEPARTMENT - REMITTANCE SECTION

CREDIT ADVICE

ICL NETWORK SOLUTIONS (HK) LTD                    DATE: 07 JUL 2005
SUITES 1-3  16/F  KINWICK CTR
32 HOLLYWOOD ROAD
CENTRAL
HONG KONG

A/C NO.  **REDACTED**

USD ******REDACTED** HAS BEEN CREDITED TO YOUR ACCOUNT TODAY

BEING REMITTANCE FROM WELLS FARGO BK NA SAN FRANCISCO

FOR  USD ********  **REDACTED**

BY ORDER OF :

ORDERING INSTITUTION: **REDACTED**

PAYMENT DETAILS : /RFB/000000152

OUR REF NO.: TT50707552-00

COMPUTER GENERATED ADVICE, NO AUTHORISED SIGNATURE(S) IS(ARE) REQUIRED.

The Bank of East Asia, Limited 東亞銀行有限公司
10 Des Voeux Road Central, Hong Kong 香港中環德輔道中10號
Telephone 電話 (852) 2842 3200  Facsimile 傳真 (852) 2845 9333  Telex 電傳 HX 73017
www.hkbea.com

# ✿ BEA 東亞銀行

FX SETTLEMENT DEPARTMENT - REMITTANCE SECTION

CREDIT ADVICE

ICL NETWORK SOLUTIONS (HK) LTD                    DATE: 18 JUL 2005
SUITES 1-3  16/F  KINWICK CTR
32 HOLLYWOOD ROAD
CENTRAL
HONG KONG

A/C NO.  REDACTED

USD *****REDACTED HAS BEEN CREDITED TO YOUR ACCOUNT TODAY

BEING REMITTANCE FROM WELLS FARGO BK NA SAN FRANCISCO

FOR  USD ********

BY ORDER OF  REDACTED


ORDERING INSTITUTION: REDACTED
PAYMENT DETAILS : /RFB/000000157


OUR REF NO.: TT50718458-00


COMPUTER GENERATED ADVICE, NO AUTHORISED SIGNATURE(S) IS(ARE) REQUIRED.

The Bank of East Asia, Limited 東亞銀行有限公司
10 Des Voeux Road Central, Hong Kong 香港中環德輔道中10號
Telephone 電話 (852) 2842 3200  Facsimile 傳真 (852) 2845 9333  Telex 電傳 HX 73017
www.hkbea.com