IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

HEWLETT-PACKARD COMPANY,
and HEWLETT-PACKARD
DEVELOPMENT COMPANY, L.P.,

              Plaintiffs,

v.

ICL NETWORK SOLUTIONS
(HK) LIMITED,

              Defendant.

Civil Action No.:  05-cv-40153 (FDS)

**MEMORANDUM IN SUPPORT OF ICL NETWORK SOLUTIONS (HK) LTD.'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

## I.      INTRODUCTION

Defendant ICL Network Solutions (HK) Limited ("ICL Network Solutions") is a

Hong Kong corporation that does not have sufficient contacts with Massachusetts (or any

other state) to permit the Court's exercise of jurisdiction over it.  ICL Network Solutions

therefore requests this Court grant its Motion to Dismiss for Lack of Personal

Jurisdiction.

## II.      STATEMENT OF FACTS

ICL Network Solutions is a corporation organized under the laws of Hong Kong,

founded on March 30, 2004, and is an independent distributor for various networking and

storage products. (Declaration of Irene Chua at ¶3-4., attached as Exhibit 1.)  ICL

Network Solutions is a small, privately held Hong Kong entity with a registered business

address at 1601-1603 Kinwick Centre, 32 Hollywood Road, Central, Hong Kong.  <u>Id</u>. at ¶4.

The company has no place of business, no employees, no sales representatives, no distributors and no agents in Massachusetts or anywhere in the United States; is not licensed to do business anywhere in the United States; does not pay taxes in the United States; and has no offices, no property, no personnel, no manufacturing facilities, and no bank accounts in the United States.  <u>Id</u>. at ¶¶5-6.  Furthermore, ICL Network Solutions does not advertise in any United States magazine or newspaper, and the company attends no trade shows in the United States.  <u>Id</u>. at ¶7.

Customers purchase products by contacting the company.  <u>Id</u>. at ¶8.  Although ICL Network Solutions does have a customer that does business in Massachusetts,[1] it purchased products from ICL Network Solutions in Hong Kong, and the company has never designed, manufactured, or sold any accused hard drives in Massachusetts.  <u>Id</u>. at ¶¶11, 13-17.

According to the terms of sale set out in ICL Network Solutions' invoices, "Title and risk of loss for the goods identified in this invoice pass to the Buyer upon receipt by Seller of Buyer's payment in full." <u>Id</u>. at ¶17; Chua Exhibit A.  Payment was made to ICL Network Solutions' bank in Hong Kong.  <u>Id</u>. at ¶14.  ICL Network Solutions did not design, reproduce, manufacture, or have the products or packaging made in the United States, or anywhere else, but purchased them in good faith, in their packaging, from a

---

[1] ICL submits that it does not have control over the actions of its customers and is not responsible for their actions.  Further, ICL states that its customer list is confidential, and as there is currently no protective order in place, it has redacted its customers' names and other confidential information from any exhibits attached to this filing.

vendor in China.  Id. at ¶¶10-11.  They were delivered from the vendor's warehouse in China to ICL Network Solutions in Hong Kong.  Id. at ¶15.

ICL Network Solutions does not open or change the packaging on goods they receive, providing them to the customer in the same condition and state as sold by the vendor, without alteration.  Id. at ¶9.

Worcester Air Freight was not hired by ICL Network Solutions, and they have never communicated with them or done any business with that freight carrier.  Id. at ¶19.

ICL Network Solutions has a history of properly using the trademarks of others, as can be seen from the advisory notice on their website:  "All SUN, Compaq, Cisco, 3COM, Hewlett Packard and IBM products and product service names mentioned herein and in linked pages are trademarks, or registered trademarks of their respective owners/companies or mark holders.  ICL Network Solutions (HK) Ltd. is an independent dealer and is in no way affiliated with Sun Microsystems or any other company."  Id. at ¶12; see also, web page excerpts attached as Exhibit A to Affidavit of Jin H. Kim.

As these facts reveal, there are no contacts between ICL Network Solutions and Massachusetts, or anywhere else in the United States, sufficient to justify its presence in this suit.  Furthermore, ICL Network Solutions' customers are entirely separate from ICL Network Solutions, and, therefore, any of the customers' purported contacts cannot be imputed to ICL Network Solutions.

Accordingly, this Court lacks jurisdiction over ICL Network Solutions.

### III.     APPLICABLE LEGAL STANDARDS

Plaintiffs bear the burden of establishing personal jurisdiction over ICL Network Solutions.  Ticketmaster-New York v. Alioto, 26 F.3d 201, 207 (1st Cir. 1994) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)).  They have not met their burden.  In fact, Plaintiffs allege only that "this action arises out of wrongful acts committed by Defendant in this judicial district which subjects Defendant to the personal jurisdiction of this Court."  Complaint at ¶7.  As is clear from the Declaration of Irene Chua, that allegation is simply not accurate.  ICL Network Solutions has committed no acts in this judicial district.

As a trademark case in Massachusetts allegedly brought pursuant to federal question jurisdiction, this Court can only have personal jurisdiction over ICL Network Solutions if Massachusetts's long-arm statute (MGL 223A, § 3) or the federal rule whereby proper service may denote personal jurisdiction (Fed. R. Civ. P. 4(k)(2)) apply.  In re Lupron Mktg. & Sales Practices Litig., 245 F. Supp. 2d 280, 288 (D. Mass. 2003).  Exercise of personal jurisdiction under either MGL 223A, § 3 or Fed. R. Civ. P. 4(k)(2) must be consistent with federal due process.  United States v. Swiss Am. Bank, Ltd., 191 F.3d 30, 36 (1st Cir. 1999).

Federal due process requires that ICL Network Solutions have at least a "minimum level of contact" with Massachusetts before personal jurisdiction may be exercised under MGL 223A, § 3.  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980); International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  "Minimum contacts" refer to substantively relevant, forum-related facts, and can result in

either "general" or "specific" jurisdiction.  Noonan v. Winston Co., 135 F.3d 85, 89 (1st Cir. 1998)

The Court undertakes the same "minimum contacts" analysis under Fed. R. Civ. P. 4(k)(2), "but the analytic exercises are performed with reference to the United States as a whole," rather than with reference to a particular state.  Szafarowicz v. Gotterup, 68 F.Supp.2d 38, 40 (D. Mass. 1999).

## IV.     LEGAL ARGUMENT

## 1.     THIS COURT DOES NOT HAVE "GENERAL" JURISDICTION OVER ICL NETWORK SOLUTIONS

As noted, for the Court to assert "general" jurisdiction over a non-resident defendant, the defendant's contacts with the forum state must be "continuous and systematic."  Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 413-14 (1984); Glater v. Eli Lilly & Co., 744 F.2d 213, 216 (1st Cir. 1984).  The standard for establishing general jurisdiction is considerably more stringent than that applied to specific jurisdiction questions.  Noonan, 135 F.3d at  93. In addition, courts must exercise even greater care before exercising personal jurisdiction over foreign nationals.  Asahi Metal Indust. Co. v. Superior Court, 480 U.S. 102, 115 (1987).

Factors to be taken into consideration when determining if general jurisdiction exists include the defendant's business contacts with the forum state, use of the forum state's marketplace, designation of a forum agent for service of process, forum license, and incorporation within the forum state.  World-Wide Volkswagen, 444 U.S. at 295.

As discussed above, ICL Network Solutions is a Hong Kong corporation that has no offices in Massachusetts and is not licensed or registered to do business in Massachusetts.  (Chua Decl. at ¶5.)  It has no employees and owns no property in

Massachusetts, and does not file taxes or have bank accounts in Massachusetts.  <u>Id</u>. at ¶¶5-6.  It is not listed in any U.S. directory.  <u>Id</u>. at ¶4.

Based on the foregoing, the Court should hold that it does not have general jurisdiction over ICL Network Solutions  <u>See</u> <u>Helicopteros Nacionales de Colombia, S.A.</u>, 466 U.S. at 413-14; <u>World-Wide Volkswagen</u>, 444 U.S. at 295.

**2.     THIS COURT DOES NOT HAVE "SPECIFIC" JURISDICTION OVER ICL NETWORK SOLUTIONS**

The First Circuit employs the following test when determining whether the exercise of "specific" jurisdiction comports with due process:  (1) the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable; (2) the plaintiff's claims must directly arise out of, or relate to, the defendant's forum-state activities; and (3) the exercise of jurisdiction must be reasonable.  <u>Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 60-61 (1st Cir. 2002)</u>.

As demonstrated below, the Court does not have specific jurisdiction over ICL Network Solutions under the applicable test.

**A.     ICL Network Solutions has not "purposely availed itself" of the benefits and protections of the laws of Massachusetts.**

"Minimum contacts" will be found where the non-resident defendant has directed its activities at residents of the forum state and where the litigation "arises out of or relates to" those activities.  <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475-76 (1985).[2]

---

[2] A non-resident defendant "engaged in significant activities within a State or [who] has

Mere foreseeablility that a product will reach the forum state alone is not enough; instead, the connection with the forum state must be such that a defendant "should reasonably anticipate being haled into court there." A-Connoisseur Transp. Corp. v. Celebrity Coach, Inc., 742 F. Supp. 39, 43 (D. Mass. 1990) ("The mere fact that an entity in Massachusetts executes a contract with an entity in another state does not automatically constitute sufficient contact so as to confer a finding of personal jurisdiction. Rather, the court is to look at all of the communications and transactions between the parties, before, during and after the consummation of the contract, to determine the degree and type of contacts the defendant has with the forum, apart from the contract alone.") (citing Burger King Corp., 471 U.S. at 479)).This connection between the defendant and the forum state must come about

> by an action of the Defendant purposefully directed toward the forum State. The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State. *** [A] defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum state.

Asahi Metal, 480 U.S. at 112 (plurality opinion) (emphasis in original);[3] Hasbro, Inc. v. Clue Computing, Inc., 994 F. Supp. 34, 44-45 (D. Mass. 1997) ("The purposeful availment test articulated by the plurality in Asahi, and applied by the courts in trademark

---

created 'continuing obligations' between himself and the residents of the forum" is said to have "purposely availed" himself of the benefits of the forum state. Burger King Corp., 471 U.S. at 475-76.

[3] This rule is designed to ensure that a non-resident defendant is not brought into court in the forum state based on some "random, fortuitous, or attenuated contacts" with the forum state. Burger King Corp., 471 U.S. at 475.

infringement cases, requires that the defendant's contact with the forum state not be due to happenstance. This requirement goes beyond simple "foreseeability" to ensure that only those defendants that willingly and purposefully avail themselves of the benefits of a state will be brought to court there.").

Under <u>Asahi Metal</u>, the mere fact that a defendant's product enters the forum state is not enough to establish minimum contacts. There must also be evidence that defendant designed the product for the market in the forum state, advertised in the forum state, established channels for providing regular advice to customers in the forum state, or marketed the product through a distributor who has agreed to serve the forum state. <u>Asahi Metal</u>, 480 U.S. at 112.

In the present case, however, ICL Network Solutions, to the contrary, has not engaged in any such conduct anywhere in the United States, let alone in Massachusetts. They do not advertise in the U.S. and are not found in any U.S. telephone directory. (Chua Decl. at ¶¶4, 7.) The product and packaging were not designed by ICL Network Solutions at all, and the company has no distributors or agents in the U.S. <u>Id</u>. at ¶¶5, 9 and 11. Instead, the evidence shows that all activities relating to the goods at issue, and to ICL Network Solutions, took place in Hong Kong and China. <u>Id</u>. at ¶¶10-11; 13-18. ICL Network Solutions did sell products having the same part number in July 2005, in Hong Kong, but has had no control over those goods since title passed and the goods left Hong Kong. <u>Id</u>. at ¶¶16-18.

Title of the goods was transferred in Hong Kong, not in the United States. No ICL Network Solutions officer or employee comes to Massachusetts for business purposes, and it has no bank accounts, offices, or real estate in Massachusetts. <u>Id</u>. at ¶6.

Under these circumstances, ICL Network Solutions would <u>not</u> expect to be a defendant in a Massachusetts court.

Accordingly, the Court should dismiss ICL Network Solutions from this lawsuit because it has not purposefully availed itself of the benefits and protections of the laws of Massachusetts, which is an essential requirement in asserting specific personal jurisdiction over a non-resident defendant. <u>Hanson v. Denckla</u>, 357 U.S. 235, 253 (1958).

> **B.     There is no causation between plaintiffs' claim and ICL Network Solutions' purported contacts with Massachusetts.**

The second requirement for establishing specific jurisdiction is showing that the non-resident defendant's contacts (those constituting "purposeful availment") give rise to the current suit. <u>Foster-Miller, Inc. v. Babcock & Wilcox Can.</u>, 46 F.3d 138, 144 (1st Cir. 1995).

In the present case, plaintiffs' claims are for alleged trademark counterfeiting, which occurs when a party uses "a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services." 15 U.S.C. § 1116(d)(1)(A); <u>see</u> Complaint at ¶¶18-31. Plaintiffs also allege trademark infringement under 15 USC §1114. This requires plaintiffs to demonstrate that their claims arise from the "sale, offering for sale, distribution, or advertising" of accused hard drives by ICL Network Solutions in Massachusetts "with which such use is likely to cause confusion, or to cause mistake, or to deceive". <u>See</u> <u>id.</u>; Complaint at ¶¶32-38. Finally, plaintiffs allege unfair competition and practices under federal, state, and common law. <u>See</u> Complaint at ¶¶39-56.

As established above, the purposeful availment requirement cannot be satisfied. ICL Network Solutions does not make, use, offer for sale, or sell hard drives in

Massachusetts.  (Chua Decl. at ¶11.)  Indeed, trademarks are territorial in nature; a United States trademark confers no protection as to acts taking place entirely in foreign countries.  Accordingly, none of ICL Network Solutions' alleged conduct in Massachusetts could possibly give rise to plaintiffs' claims.

Thus, the second specific jurisdiction requirement cannot be met, further supporting ICL Network Solutions' dismissal from this lawsuit.

### C.    Under the totality of the circumstances, the Court's exercise of specific jurisdiction over ICL Network Solutions would be unreasonable.

Third, to establish specific jurisdiction, a court's exercise of personal jurisdiction "must comport with fair play and substantial justice."  Burger King Corp., 471 U.S. at 476.  The Court considers 3 factors in determining reasonableness:  (1) The burden on the defendant of defending in the forum state; (2) the forum state's interest in adjudicating the dispute; and (3) the plaintiff's interest in obtaining relief.  Asahi Metal, 480 U.S. at 113.

Even if ICL Network Solutions had sufficient "minimum contacts" with Massachusetts, which it does not, the Court may not exercise personal jurisdiction over it because it would be unreasonable to bring ICL Network Solutions into this Massachusetts lawsuit.  See World-Wide Volkswagen, 444 U.S. at 292 (declining personal jurisdiction over the defendant where it would be unreasonable).

### (1)    Massachusetts litigation would impose a heavy burden on ICL Network Solutions

The first factor considers the burden on ICL Network Solutions, a Hong Kong corporation, of defending plaintiffs' claim in Massachusetts.  "The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant

weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." Asahi Metal, 480 U.S. at 114.

Indeed, even if the Court concludes that plaintiffs' burden of litigating this case in Hong Kong would be equal to ICL Network Solutions' burden of litigating in Massachusetts, the second factor tips in favor of the defendant because the burden on the defendant is always a primary concern in the law of personal jurisdiction. World-Wide Volkswagen, 444 U.S. at 292. ICL Network Solutions is a small, privately held company in Hong Kong. Hong Kong is in a time zone exactly 12 hours away from Massachusetts, precluding timely communication and making defense of the suit in this forum a hardship.

In this case, it would be unreasonable to require ICL Network Solutions to litigate in a remote forum where it has never conducted business. This factor tips heavily in ICL Network Solutions' favor.

**(2)    Massachusetts has little interest in adjudicating this dispute against ICL Network Solutions, and plaintiffs have little interest in obtaining relief against ICL Network Solutions in this forum.**

ICL Network Solutions anticipates that plaintiffs will argue that Massachusetts has an interest in adjudicating this dispute against ICL Network Solutions, and plaintiffs have an interest in obtaining relief in this forum. However, neither plaintiff is incorporated in Massachusetts, or has its principal place of business here. Hewlett-Packard Company is a Delaware corporation with a principal place of business in California, and Hewlett-Packard Development Company is a Texas entity with a principal place of business in Texas. Complaint, ¶2-3. Thus, Massachusetts has little

interest in adjudicating this dispute, and Plaintiffs clearly have minimal interest in obtaining relief in this forum.

For the above reasons, there is no specific jurisdiction over ICL Network Solutions, and its motion to dismiss should be granted.

3.  **THERE IS NO BASIS FOR PERSONAL JURISDICTION OVER ICL NETWORK SOLUTIONS BASED ON FED. R. CIV. P. 4(k)(2)**

The Court does not have jurisdiction under Massachusetts's long-arm statute (MGL 223A, § 3) because it does not have sufficient contacts with Massachusetts, as described above.  Without personal jurisdiction over ICL Network Solutions pursuant to Massachusetts's long-arm statute (MGL 223A, § 3), the Court has jurisdiction only if ICL Network Solutions' contacts with the United States as a whole permit the Court to exercise general or specific jurisdiction under Fed. R. Civ. P. 4(k)(2).

Personal jurisdiction under Fed. R. Civ. P. 4(k)(2) is proper if (1) plaintiffs' claim arises under federal law; (2) ICL Network Solutions is beyond the reach of any state court of general jurisdiction; *and* (3) the Court's exercise of jurisdiction does not offend the Constitution or other federal law.  Swiss Am. Bank, Ltd., 191 F.3d at 38.

Plaintiffs have not met their burden of demonstrating that exercise of jurisdiction in this case comports with due process and would not offend the Constitution or federal law.  ICL Network Solutions does not have sufficient "minimum contacts" to comport with due process.  As noted, ICL Network Solutions has no registered agent for service of process in the United States; is not registered or licensed to conduct business in the United States; has never maintained manufacturing facilities or offices in the United States, nor owned any real or personal property in the United States; has no personnel

working or living in the United States; and has never maintained a bank account or been

listed in any telephone directory in the United States.  <u>See</u> Chua Decl. at ¶¶4-6.

     For these reasons, the Court lacks jurisdiction over ICL Network Solutions under

Fed. R. Civ. P. 4(k)(2), the federal long-arm statute, and ICL Network Solutions should

be dismissed from this action.

**V.**     <u>**CONCLUSION**</u>

     Based on the foregoing, ICL Network Solutions respectfully requests that it be

dismissed from this action with prejudice pursuant to Fed. R. Civ. P. 12(b)(2) because

this Court lacks personal jurisdiction over ICL Network Solutions.


     Respectfully submitted,


Dated: September 22, 2005     /s/ Ann Lamport Hammitte
     Ann Lamport Hammitte, BBO No. 553,263
     Emily A. Berger, BBO No. 650,841
     LOWRIE, LANDO & ANASTASI, LLP
     Riverfront Office Park
     One Main Street - 11th Floor
     Cambridge, MA 02142
     Tel: 617-395-7000
     Fax: 617-395-7070

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that a true copy of the foregoing Memorandum in Support of Defendant's Motion to Dismiss for Lack of Personal Jurisdiction was served upon counsel listed below by electronically filing with the court on September 22, 2005.

     Louis M. Ciavarra
     Bowditch & Dewey, LLP
     311 Main Street
     P.O. Box 15156
     Worcester, MA 01615-0156
     lciavarra@bowditch.com


     /s/ Emily A. Berger

Exhibit 1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| HEWLETT-PACKARD COMPANY, and HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P.<br><br>            Plaintiffs,<br><br>    v.<br><br>ICL NETWORK SOLUTIONS (HK) LIMITED<br>            Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.:<br>05-40153-(FDS) |

## DECLARATION OF IRENE CHUA

1. My name is Irene Chua, and I am an owner of ICL Network Solutions (HK) Limited. I have been with the company since June 23, 2004.

2. This declaration is made based on my personal knowledge, and I am competent to testify to the subjects herein should I be called upon to do so.

3. ICL Network Solutions (HK), Ltd. was founded on March 30, 2004 and is an independent distributor for various networking and storage products.

4. ICL Network Solutions is a small, privately held Limited Hong Kong company. Our registered business address is 1601-1603 Kinwick Centre, 32 Hollywood Road, Central, Hong Kong. Our telephone and fax numbers are likewise in Hong Kong, and so are Hong Kong exchanges: Telephone: (852) 2851-2272 and Fax: (852) 2545-0550. We are not listed in any U.S. directory.

5.  ICL Network Solutions have no place of business, no employees, no sales representatives, no distributors and no agents in Massachusetts or anywhere in the United States, and our company is not licensed to do business anywhere in that country, and we do not pay taxes there.

6.  ICL Network Solutions also have no offices, no property, no personnel, no manufacturing facilities, and no bank accounts in the U.S.

7.  Our company does not advertise in any U.S. magazine or newspaper, and ICL Network Solutions attends no trade shows in the U.S.

8.  Customers purchase products from us by contacting us.

9.  Our products are always new, in unopened boxes, unless they are specified as refurbished, used, pulls, etc. ICL Network Solutions do not open the boxes when the goods are delivered to us by the vendor. We deliver in the same condition and state as it was delivered to us, without altering anything whatsoever.

10. Our company has only recently started offering hardware products, and we were shocked to learn that Hewlett Packard believes that products we were sold are not real Hewlett Packard products. We purchased them in good faith from a reputable company located in China.

11. The products appeared to us to be in the original packaging. We did not design, reproduce, manufacture, or have them made in the U.S., or anywhere else. And in particular, ICL Network Solutions has never designed, manufactured, or sold any accused hard drives in Massachusetts.

12. In fact, we have been very careful to properly use the trademarks of others, and have made sure to advise the public of their rights. As an example, this is the statement that appears throughout our company's website: "All SUN, Compaq, Cisco, 3COM, Hewlett Packard and IBM products and product service names mentioned herein and in linked pages are trademarks, or registered trademarks of their respective owners/companies or mark holders. ICL Network Solutions (HK) Ltd. is an independent dealer and is in no way affiliated with Sun Microsystems or any other company."

13. ICL Network Solutions did sell the same part number that Hewlett Packard complains about to a customer back in July of this year. Copies of those invoices, redacted to preserve our customer's confidentiality, are attached as Exhibit A.

14. Our company received payments from that customer over several days in July 2005, directly to our Hong Kong bank. The payments were TT (telegraphic transfer) in advance, and our customer made full payment before we released the products to them. In Exhibit B are redacted copies of the statements from our bank account showing the wire transfers.

15. The products were in our vendor's warehouse in China when we received payment in full from our customer, and only upon receipt of payment did we place the order to our vendor.

16. ICL Network Solutions do not now own the products that Hewlett Packard is objecting to, and did not own them at the time we were sued.

3

17. As our company's invoice states, "Title and risk of loss for the goods identified in this invoice pass to the Buyer upon receipt by Seller of Buyer's payment in full."

18. We have had no control over the products we sold since they were sold back in July of 2005.

19. We did not hire the freight forwarder, Worcester Air Freight, mentioned in the complaint and we have never communicated with them or done any business with them. We cannot control what they do.

20. At the request of our customer, we did inquire whether a California company identified by our customer would be interested in acquiring the hard drives from our customer, but we did so as a favor, not as the owners of the goods. In fact, the cost of shipping the samples to that company from our customer's warehouse were not paid for by us.

21. As far as we know, this is the first time any Hewlett Packard products that we have sold ever arrived in Massachusetts, although I suppose it is possible that some product reached the U.S. without our knowledge, since our customers have no obligation to tell us what they do with the hardware after purchase.

22. I see that Hewlett Packard thinks ICL Network Solutions sold some products to Computer Superstore, Fred Farahmand, The Comp Ltd., Hersel Neman, or Robert Neman back in 2003. ICL Network Solutions never sold any products to

17. As our company's invoice states, "Title and risk of loss for the goods identified in this invoice pass to the Buyer upon receipt by Seller of Buyer's payment in full."

18. We have had no control over the products we sold since they were sold back in July of 2005.

19. We did not hire the freight forwarder, Worcester Air Freight, mentioned in the complaint and we have never communicated with them or done any business with them. We cannot control what they do.

20. At the request of our customer, we did inquire whether a California company identified by our customer would be interested in acquiring the hard drives from our customer, but we did so as a favor, not as the owners of the goods. In fact, the cost of shipping the samples to that company from our customer's warehouse were not paid for by us.

21. I see that Hewlett Packard thinks ICL Network Solutions sold some products to Computer Superstore, Fred Farahmand, The Comp Ltd., Hersel Neman, or Robert Neman back in 2003. ICL Network Solutions never sold any products to these companies or people, and could not have done since ICL Network Solutions was not incorporated until 2004.

I hereby swear under the pains and penalties of perjury that the foregoing is true to the best of my knowledge and belief.

FURTHER AFFIANT SAYETH NOT.

Sept 21, 2005
Date

Irene Chua

4

Exhibit A

# ICL NETWORK SOLUTIONS (HK) LIMITED    **Invoice**

1601-03 Kinwick Centre
32 Hollywood Road, Central Hong Kong
Phone: (852) 2851 2272
Fax: (852) 2545 0550

| Date | Number |
|------|--------|
| 7/21/2005 | 1303 |

| Bill to | Ship to |
|---------|---------|
| REDACTED | REDACTED |

| PO NUMBER | TERMS | SHIP DATE | SHIP VIA | Ex WORKS |
|-----------|-------|-----------|----------|----------|
| 000612 | TT in Advance | 7/21/2005 | DHL | Hong Kong |

| QTY | ITEM CODE | DESCRIPTION | PRICE EACH | AMOUNT |
|-----|-----------|-------------|------------|--------|
| 120 | 286778-B22 | 72.8GB U320 SCSI 15KRPM<br>Serial Nos.:<br>705QLSJ13F, 703ILSJ13F, 7032LSJ13F, 7033LSJ13F,<br>7034LSJ13F, 7035LSJ13F, 7036LSJ13F,<br>7037LSJ13F , 7038LSJ13F, 7039LSJ13F,<br>703ALSJ13F,703BLSJ13F, 703CLSJ13F, 703DLSJ13F,<br>703ELSJ13F ,703FLSJ13F, 703GLSJ13F ,<br>703HLSJ13F, 703ILSJ13F, 703KLSJ13F, 703LLSJ13F,<br>703MLSJ13F, 703NLSJ13F, 703PLSJ13F,<br>703QLSJ13F, 703RLSJ13F, 703SLSJ13F, 703TLSJ13F,<br>703ULSJ13F, 703VLSJ13F, 703WLSJ13F,<br>703XLSJ13F, 703YLSJ13F, 703ZLSJ13F, 7041LSJ13F,<br>7042LSJ13F, 7043LSJ13F, 7044LSJ13F, 7045LSJ13F,<br>7046LSJ13F, 7047LSJ13F , 7048LSJ13F,<br>7049LSJ13F ,704ALSJ13F, 704BLSJ13F, 704CLSJ13F,<br>704DLSJ13F, 704ELSJ13F, 704FLSJ13F,<br>704GLSJ13F, 704HLSJ13F, 704JLSJ13F ,<br>704KLSJ13F, 704LLSJ13F, 704MLSJ13F,<br>704NLSJ13F,<br>704PLSJ13F, 704QLSJ13F, 704RLSJ13F, 704SLSJ13F,<br>704TLSJ13F, 704ULSJ13F, 704VLSJ13F ,<br>704WLSJ13F, 704XLSJ13F, 704YLSJ13F,<br>704ZLSJ13F, 7051LSJ13F ,7052LSJ13F, 7053LSJ13F,<br>7054LSJ13F, 7055LSJ13F, 7056LSJ13F, 7057LSJ13F,<br>7058LSJ13F, 7059LSJ13F, 705ALSJ13F,<br>705BLSJ13F, 705CLSJ13F, 705DLSJ13F, 705ELSJ13F,<br>705FLSJ13F, 705HLSJ13F, 705JLSJ13F,<br>705KLSJ13F, 705LLSJ13F, 705NLSJ13F, 705PLSJ13F, | REDACTED | |

IN BEHALF OF ICL NETWORK SOLUTIONS (HK) LTD.

Authorized Signatory    90 Days Warranty

**Total** REDACTED

Title and risk of loss for the goods identified in this Invoice pass to the Buyer upon receipt by Seller of Buyer's payment in full. Buyer agrees to comply with US and Canada export laws, and all laws of the importing country. Products should not be sold or diverted to any organizations, countries, or any end-users, whether your customer or your customer's customer who are involve or identified as engaging in activities related to nuclear / chemical / biological weapons or missile technology or other activities related to the proliferation or weapons of mass destruction. All such end-users / applications require Individual Validated Export Licenses (IVL's) from the US Department of Commerce. Payment by the Buyer constitutes the acceptance of the terms and conditions of this Invoice which supercede any inconsistent or additional terms or conditions previously proposed by either the Buyer or the Seller.

**RETURN CLAUSE:** Our Return Merchandise Agreement (RMA) gives you a maximum of 30 days (or less depending on ICL Vendor's own policy, but not to go below 15 days) within which to return an item. Failure to comply will automatically render the item as sold and customer forfeits its right to return. The allowable time frame is valid from date of acceptance by ICL, for reasons such as factory defect, faulty performance (subject to test at depot), or wrong item delivered. Any reason other than what have been specified is subject to deliberation by ICL---upon acceptance however, a restocking fee of 20% will be charged and shall be deemed payable prior to return. ICL will shoulder freight expense for all returned merchandise. An item for return that lapses into

# ICL NETWORK SOLUTIONS (HK) LIMITED

**Invoice**

1601-03 Kinwick Centre
32 Hollywood Road, Central Hong Kong
Phone: (852) 2851 2272
Fax: (852) 2545 0550

| Date | Number |
|------|--------|
| 7/21/2005 | 1303 |

| Bill to | Ship to |
|---------|---------|
| REDACTED | REDACTED |

| PO NUMBER | TERMS | SHIP DATE | SHIP VIA | Ex WORKS |
|-----------|-------|-----------|----------|----------|
| 000612 | TT in Advance | 7/21/2005 | DHL | Hong Kong |

| QTY | ITEM CODE | DESCRIPTION | PRICE EACH | AMOUNT |
|-----|-----------|-------------|------------|--------|
| | | 705QLSJ13F, 705RLSJ13F, 705TLSJ13F, 705ULSJ13F, 705VLSJ13F,705WLSJ13F,705XLSJ13F, 705YLSJ13F, 705ZLSJ13F, 7061LSJ13F, 7062LSJ13F, 7063LSJ13F, 7064LSJ13F, 7065LJ13F, 7066LSJ13F , 7067LSJ13F , 7068LSJ13F, 7069LSJ13F, 706ALSJ13F, 706BLSJ13F, 706CLSJ13F,706DLSJ13F, 706FLSJ13F, 706HLSJ13F 706JLSJ13F, 706KLSJ13F, 706LLSJ13F, 706NLSJ13F, 705GLSJ13F, 705MLSJ13F, 706MLSJ13F & 706GLSJ13F | | |
| | | Country of Origin: China | | |
| | | Harmonized Code: 8473.30.0000 | | |
| | | PRODUCTS ARE MADE OF PLASTIC AND ALLOY METAL | | |
| | | PRICES ARE IN U.S. DOLLAR | | |

*[Handwritten notes: 160 kgs / 20 cartons / 80 x 48 x 34 cm / 195 - 2007.920]*

*[Handwritten: HKD 266,976.00 / 54049 MR COOBRIN]*

IN BEHALF OF ICL NETWORK SOLUTIONS (HK) LTD.

Authorized Signatory

**90 Days Warranty**

**Total** REDACTED

Title and risk of loss for the goods identified on this invoice pass to the Buyer upon receipt by Seller of Buyer's payment in full. Buyer agrees to comply with US and Canada Export laws, and all laws of the importing country. Products should not be sold or diverted to any organizations, countries, or any end-users, whether your customer or your customer's customer who are involve or identified as engaging in activities related to nuclear / chemical / biological weapons or missile technology or other activities related to the proliferation or weapons of mass destruction. All such end-users / applications require Individual Validated Export Licenses (IVL's) from the US Department of Commerce. Payment by the Buyer constitutes the acceptance of the terms and conditions of this Invoice which supercede any inconsistent or additional terms or conditions previously proposed by either the Buyer or the Seller.

RETURN CLAUSE: Our Return Merchandise Agreement (RMA) gives you a maximum of 30 days (or less depending on ICL Vendor's own policy, but not to go below 15 days) within which to return an item. Failure to comply will automatically render the item as sold and customer forfeits its right to return. The allowable time frame is valid from date of acceptance by ICL, for reasons such as factory defect, faulty performance (subject to test at depot), or wrong item delivered. Any reason other than what have been specified is subject to deliberation by ICL---upon acceptance however, a restocking fee of 20% will be charged and shall be

**Invoice**

2 Hollywood Road, Central Hong Kong
hone: (852) 2851 2272
ax: (852) 2545 0550

| Date | Number |
|------|--------|
| 7/13/2005 | 1293 |

| Bill to | Ship to |
|---------|---------|
| REDACTED | REDACTED |

| PO NUMBER | TERMS | SHIP DATE | SHIP VIA | Ex WORKS |
|-----------|-------|-----------|----------|----------|
| 000612 | TT in Advance | 7/13/2005 | DHL | Hong Kong |

| QTY | ITEM CODE | DESCRIPTION | PRICE EACH | AMOUNT |
|-----|-----------|-------------|------------|--------|
| 80 | 286776-B22 | 36GB 15K RPM Hard Disk Drive for ML570<br>Serial Nos.:<br>07GLSH11D, 7181LSH11D, 7067LSH11D, 7068LSH11D,<br>7069LSH11D, 706ELSH11D, 706QLSH11D,<br>706TLSH11D, 706WLSH11D, 707DLSH11D, 707FLSH11D,<br>707HLSH11D, 707JLSH11D, 707KLSH11D,<br>7110LSH11D, 7111LSH11D, 7112LSH11D, 7113LSH11D,<br>7114LSH11D, 7115LSH11D, 7116LSH11D,<br>7117LSH11D, 7118LSH11D, 7119LSH11D, 7120LSH11D,<br>7121LSH11D, 7122LSH11D, 7124LSH11D,<br>7125LSH11D, 7127LSH11D, 7128LSH11D, 7129LSH11D,<br>7130LSH11D, 7131LSH11D, 7132LSH11D,<br>7133LSH11D, 7134LSH11D, 7135LSH11D, 7136LSH11D,<br>7137LSH11D, 7138LSH11D, 7139LSH11D,<br>7140LSH11D, 7141LSH11D, 7142LSH11D, 7143LSH11D,<br>7144LSH11D, 7145LSH11D, 7146LSH11D,<br>7147LSH11D, 7148LSH11D, 7149LSH11D, 7151LSH11D,<br>7152LSH11D, 7153LSH11D, 7154LSH11D,<br>7155LSH11D, 7156LSH11D, 7157LSH11D, 7158LSH11D,<br>7159LSH11D, 7160LSH11D, 7161LSH11D,<br>7162LSH11D, 7163LSH11D, 7165LSH11D, 7166LSH11D,<br>7167LSH11D, 7168LSH11D, 7169LSH11D,<br>7170LSH11D, 7171LSH11D, 7172LSH11D, 7173LSH11D,<br>7174LSH11D, 7180LSH11D, 7181LSH11D<br>7182LSH11D, 7186LSH11D & 7302LSH11D<br><br>Country of Origin: China<br><br>Harmonized Code: 8473.30.0000 | REDACTED | |

Handwritten notes: 70×63×33 cm (7 c/s); √6×33×36 cm (1 c/s); 18s 09 2s 70s; 117 kgs; HKD.$ 118,878.50; √A789MZ00B9RA

N BEHALF OF ICL NETWORK SOLUTIONS (HK), LTD.

uthorized Signatory

90 Days Warranty

**Total**

itle and risk of loss for the goods identified in this invoice pass to the Buyer upon receipt by Seller of Buyer's payment in full.
uyer agrees to comply with US and Canada Export laws, and all laws of the importing country. Products should not be sold or
iverted to any organizations, countries, or any end-users, whether your customer or your customer's customer who are involve or
ientified as engaging in activities related to nuclear / chemical / biological weapons or missile technology or other activities
elated to the proliferation or weapons of mass destruction. All end-users / applications require Individual Validated Expert
icenses (IVL's) from the US Department of Commerce. Payment by the Buyer constitutes the acceptance of the terms and
onditions of this Invoice which supercede any inconsistent or additional terms or conditions previously proposed by either the
uyer or the Seller.

ETURN CLAUSE: Our Return Merchandise Agreement (RMA) gives you a maximum of 30 days (or less depending on ICL Vendor's
wn policy, but not to go below 15 days) within which to return an item. Failure to comply will automatically render the item as
old and customer forfeits its right to return. The allowable time frame is valid from date of acceptance by ICL, for reasons such as
actory defect, faulty performance (subject to test at depot), or wrong item delivered. Any reason other than what have been
pecified is subject to deliberation by ICL---upon acceptance however, a restocking fee of 20% will be charged and shall be
eemed payable prior to return. ICL will shoulder freight expense for all returned merchandise. An item for return that lapses into
varranty will follow as validity period that which comes sooner.

# ICL NETWORK SOLUTIONS (HK), LIMITED

**Invoice**

1601-03 Kinwick Centre
32 Hollywood Road, Central Hong Kong
Phone: (852) 2851 2272
Fax: (852) 2545 0550

| Date | Number |
|------|--------|
| 7/13/2005 | 1293 |

**Bill to**

REDACTED

**Ship to**

REDACTED

| PO NUMBER | TERMS | SHIP DATE | SHIP VIA | Ex WORKS |
|-----------|-------|-----------|----------|----------|
| 000612 | TT in Advance | 7/13/2005 | DHL | Hong Kong |

| QTY | ITEM CODE | DESCRIPTION | PRICE EACH | AMOUNT |
|-----|-----------|-------------|------------|--------|
| | | PRODUCTS ARE MADE OF PLASTIC AND ALLOY METAL | | |
| | | PRICES ARE IN U.S. DOLLARS | | |

IN BEHALF OF ICL NETWORK SOLUTIONS (HK), LTD.

**Authorized Signatory**          **90 Days Warranty**

**Total**  REDACTED

Title and risk of loss for the goods identified in this invoice pass to the Buyer upon receipt by Seller or Buyer's payment in full. Buyer agrees to comply with US and Canada Export laws, and all laws of the importing country. Products should not be sold or diverted to any organizations, countries, or any end-users, whether your customer or your customer's customer who are involve or identified as engaging in activities related to nuclear / chemical / biological weapons or missile technology or other activities related to the proliferation or weapons of mass destruction. All such end-users / applications require Individual Validated Export Licenses (IVL's) from the US Department of Commerce. Payment by the Buyer constitutes the acceptance of the terms and conditions of this Invoice which supercede any inconsistent or additional terms or conditions previously proposed by either the Buyer or the Seller.

**RETURN CLAUSE: Our Return Merchandise Agreement (RMA) gives you a maximum of 30 days (or less depending on ICL Vendor's own policy, but not to go below 15 days) within which to return an item. Failure to comply will automatically render the item as sold and customer forfeits its right to return. The allowable time frame is valid from date of acceptance by ICL, for reasons such as factory defect, faulty performance (subject to test at depot), or wrong item delivered. Any reason other than what have been specified is subject to deliberation by ICL---upon acceptance however, a restocking fee of 20% will be charged and shall be deemed payable prior to return. ICL will shoulder freight expense for all returned merchandise. An item for return that lapses into**

**32 Hollywood Road, Central Hong Kong**
Phone: (852) 2851 2272
Fax: (852) 2545 0550

| | Date | Number |
|---|---|---|
| | **7/16/2005** | **1297** |

| Bill to | Ship to |
|---|---|
| REDACTED | REDACTED |

| PO NUMBER | TERMS | SHIP DATE | SHIP VIA | Ex WORKS |
|---|---|---|---|---|
| 000612 | TT in Advance | 7/16/2005 | DHL | Hong Kong |

| QTY | ITEM CODE | DESCRIPTION | PRICE EACH | AMOUNT |
|---|---|---|---|---|
| 119 | 286776-B22 | 36GB 15K RPM Hard Disk Drive for ML570 | | |
| | | Country of Origin: China | | |
| | | Harmonized Code: 8473.30.0000 | | |
| | | **PRODUCTS ARE MADE OF PLASTIC AND ALLOY METAL** | | |
| | | **PRICES ARE IN U.S. DOLLAR** | | |

IN BEHALF OF ICL NETWORK SOLUTIONS (HK) LTD.

Authorized Signatory          90 Days Warranty

| | Total | REDACTED |
|---|---|---|

Title and risk of loss for the goods identified in this invoice pass to the Buyer upon receipt by Seller of Buyer's payment in full.
Buyer agrees to comply with US and Canada Export laws, and all laws of the importing country.  Products should not be sold or
diverted to any organizations, countries, or any end-users, whether your customer or your customer's customer who are involve or
identified as engaging in activities related to nuclear / chemical / biological weapons or missile technology or other activities
related to the proliferation or weapons of mass destruction.  All such end-users / applications require Individual Validated Export
Licenses (IVL's) from the US Department of Commerce.  Payment by the Buyer constitutes the acceptance of the terms and
conditions of this invoice which supercede any inconsistent or additional terms or conditions previously proposed by either the
Buyer or the Seller.

RETURN CLAUSE: Our Return Merchandise Agreement (RMA) gives you a maximum of 30 days (or less depending on ICL Vendor's
own policy, but not to go below 15 days) within which to return an item.  Failure to comply will automatically render the item as
sold and customer forfeits its right to return. The allowable time frame is valid from date of acceptance by ICL, for reasons such as
factory defect, faulty performance (subject to test at depot), or wrong item delivered. Any reason other than what have been
specified is subject to deliberation by ICL---upon acceptance however, a restocking fee of 20% will be charged and shall be
deemed payable prior to return. ICL will shoulder freight expense for all returned merchandise.  An item for return that lapses into
warranty will follow as validity period that which comes sooner.

# ICL NETWORK SOLUTIONS (HK), LIMITED    **Invoice**

1601-03 Kinwick Centre
32 Hollywood Road, Central Hong Kong
Phone: (852) 2851 2272
Fax: (852) 2545 0550

| Date | Number |
|------|--------|
| 7/15/2005 | 1296 |

| Bill to | Ship to |
|---------|---------|
| REDACTED | REDACTED |

| PO NUMBER | TERMS | SHIP DATE | SHIP VIA | Ex WORKS |
|-----------|-------|-----------|----------|----------|
| 000612 | TT in Advance | 7/15/2005 | DHL | Hong Kong |

| QTY | ITEM CODE | DESCRIPTION | PRICE EACH | AMOUNT |
|-----|-----------|-------------|------------|--------|
| 90 | 286778-B22 | 72.8GB U320 SCSI 15KRPM | REDACTED | |
| | | 202BLSJ13F, 7001LSJ13F,7002LSJ13F, 7003LSJ13F, 7004LSJ13F, 7005LSJ13F | | |
| | | 7006LSJ13F, 7007LSJ13F, 7008LSJ13F, 7009LSJ13F, 700ALSJ13F, 700BLSJ13F | | |
| | | 700CLSJ13F, 700DLSJ13F, 700ELSJ13F, 700FLSJ13F, 700GLSJ13F, 700HLSJ13F | | |
| | | 700JLSJ13F, 700KLSJ13F, 700LLSJ13F, 700MLSJ13F, 700NLSJ13F, 700PLSJ13F | | |
| | | 700QLSJ13F, 700RLSJ13F, 700SLSJ13F, 700TLSJ13F, 700ULSJ13F, 700VLSJ13F | | |
| | | 700VLSJ13F, 700WLSJ13F, 700XLSJ13F, 700YLSJ13F, 700ZLSJ13F, 7011LSJ13F | | |
| | | 7012LSJ13F, 7013LSJ13F, 7014LSJ13F, 7015LSJ13F, 7016LSJ13F, 7016LSJ13F | | |
| | | 7017LSJ13F, 7018LSJ13F, 7019LSJ13F, 701ALSJ13F, 701BLSJ13F, 701CLSJ13F | | |
| | | 701DLSJ13F, 701ELSJ13F, 701FLSJ13F, 701GLSJ13F, 701HLSJ13F, 701JLSJ13F | | |
| | | 701KLSJ13F, 701LLSJ13F, 701MLSJ13F, 701NLSJ13F, 701PLSJ13F, 701QLSJ13F | | |
| | | 701RLSJ13F, 701SLSJ13F, 701TLSJ13F, 701ULSJ13F, 701VLSJ13F, 701WLSJ13F | | |
| | | 701XLSJ13F, 701YLSJ13F, 701ZLSJ13F, 7022LSJ13F, 7023LSJ13F, 7024LSJ13F | | |
| | | 7025LSJ13F, 7027LSJ13F, 7028LSJ13F, 7029LSJ13F, 702ALSJ13F, 702CLSJ13F | | |

IN BEHALF OF ICL NETWORK SOLUTIONS (HK), LTD.

Authorized Signatory

**90 Days Warranty**

| | **Total** | |

Title and risk of loss for the goods sold item in this invoice pass to the Buyer upon receipt by Seller of Buyer's payment in full. Buyer agrees to comply with US and Canada Export laws, and all laws of the importing country. Products should not be sold or diverted to any organizations, countries, or any end-users, whether your customer or your customer's customer who are involve or identified as engaging in activities related to nuclear / chemical / biological weapons or missile technology or other activities related to the proliferation or weapons of mass destruction. All such end-users / applications require Individual Validated Export Licenses (IVL's) from the US Department of Commerce. Payment by the Buyer constitutes the acceptance of the terms and conditions of this Invoice which supercede any inconsistent or additional terms or conditions previously proposed by either the Buyer or the Seller.

RETURN CLAUSE: Our Return Merchandise Agreement (RMA) gives you a maximum of 30 days (or less depending on ICL Vendor's own policy, but not to go below 15 days) within which to return an item. Failure to comply will automatically render the item as sold and customer forfeits its right to return. The allowable time frame is valid from date of acceptance by ICL, for reasons such as factory defect, faulty performance (subject to test at depot), or wrong item delivered. Any reason other than what have been specified is subject to deliberation by ICL---upon acceptance however, a restocking fee of 20% will be charged and shall be deemed payable prior to return. ICL will shoulder freight expense for all returned merchandise. An item for return that lapses into warranty will follow as validity period that which comes sooner.

# ICL NETWORK SOLUTIONS (HK), LIMITED

## Invoice

1601-03 Kinwick Centre
32 Hollywood Road, Central Hong Kong
Phone: (852) 2851 2272
Fax: (852) 2545 0550

| Date | Number |
|------|--------|
| 7/15/2005 | 1296 |

| Bill to | Ship to |
|---------|---------|
| REDACTED | REDACTED |

| PO NUMBER | TERMS | SHIP DATE | SHIP VIA | Ex WORKS |
|-----------|-------|-----------|----------|----------|
| 000612 | TT in Advance | 7/15/2005 | DHL | Hong Kong |

| QTY | ITEM CODE | DESCRIPTION | PRICE EACH | AMOUNT |
|-----|-----------|-------------|------------|--------|
| | | 702DLSJ13F, 702ELSJ13F, 702FLSJ13F, 702GLSJ13F, 702HLSJ13F, 702ILSJ13F | | |
| | | 702JLSJ13F, 702KLSJ13F, 702LLSJ13F, 702MLSJ13F, 702NLSJ13F & 702PLSJ13F | | |

IN BEHALF OF ICL NETWORK SOLUTIONS (HK), LTD.

Authorized Signature

**90 Days Warranty**

**Total**

Title and risk of loss for the goods identified on this invoice pass to the Buyer upon receipt by Seller of Buyer's payment in full. Buyer agrees to comply with US and Canada Export laws, and all laws of the importing country. Products should not be sold or diverted to any organizations, countries, or any end-users, whether your customer or your customer's customer who are involve or identified as engaging in activities related to nuclear / chemical / biological weapons or missile technology or other activities related to the proliferation or weapons of mass destruction. All such end-users / applications require Individual Validated Export Licenses (IVL's) from the US Department of Commerce. Payment by the Buyer constitutes the acceptance of the terms and conditions of this Invoice which supercede any inconsistent or additional terms or conditions previously proposed by either the Buyer or the Seller.

RETURN CLAUSE: Our Return Merchandise Agreement (RMA) gives you a maximum of 30 days (or less depending on ICL Vendor's own policy, but not to go below 15 days) within which to return an item. Failure to comply will automatically render the item as sold and customer forfeits its right to return. The allowable time frame is valid from date of acceptance by ICL, for reasons such as factory defect, faulty performance (subject to test at depot), or wrong item delivered. Any reason other than what have been specified is subject to deliberation by ICL---upon acceptance however, a restocking fee of 20% will be charged and shall be

# ICL NETWORK SOLUTIONS (HK) LIMITED

**Invoice**

1601-03 Kinwick Centre
32 Hollywood Road, Central Hong Kong
Phone: (852) 2851 2272
Fax: (852) 2545 0550

| Date | Number |
|------|--------|
| 7/15/2005 | 1296 |

| Bill to | Ship to |
|---------|---------|
| REDACTED | REDACTED |

| PO NUMBER | TERMS | SHIP DATE | SHIP VIA | Ex WORKS |
|-----------|-------|-----------|----------|----------|
| 000612 | TT in Advance | 7/15/2005 | DHL | Hong Kong |

| QTY | ITEM CODE | DESCRIPTION | PRICE EACH | AMOUNT |
|-----|-----------|-------------|------------|--------|
| | | **Country of Origin: China**<br><br>**Harmonized Code: 8473.30.0000**<br><br>**PRODUCTS ARE MADE OF PLASTIC AND ALLOY METAL**<br><br>**PRICES ARE IN U.S. DOLLAR** | | |

**IN BEHALF OF ICL NETWORK SOLUTIONS (HK) LTD.**

**Authorized Signatory**

**90 Days Warranty**

**Total** REDACTED

Title and risk of loss for the goods identified in this invoice pass to the Buyer upon receipt by Seller of Buyer's payment in full. Buyer agrees to comply with US and Canada export laws, and all laws of the importing country. Products should not be sold or diverted to any organizations, countries, or any end-users, whether your customer or your customer's customer who are involve or identified as engaging in activities related to nuclear / chemical / biological weapons or missile technology or other activities related to the proliferation or weapons of mass destruction. All such end-users / applications require Individual Validated Export Licenses (IVL's) from the US Department of Commerce. Payment by the Buyer constitutes the acceptance of the terms and conditions of this Invoice which supercede any inconsistent or additional terms or conditions previously proposed by either the Buyer or the Seller.

**RETURN CLAUSE:** Our Return Merchandise Agreement (RMA) gives you a maximum of 30 days (or less depending on ICL Vendor's own policy, but not to go below 15 days) within which to return an item. Failure to comply will automatically render the item as sold and customer forfeits its right to return. The allowable time frame is valid from date of acceptance by ICL, for reasons such as factory defect, faulty performance (subject to test at depot), or wrong item delivered. Any reason other than what have been specified is subject to deliberation by ICL---upon acceptance however, a restocking fee of 20% will be charged and shall be

Exhibit B

# ⊛ BEA 東亞銀行

FX SETTLEMENT DEPARTMENT – REMITTANCE SECTION

CREDIT ADVICE

ICL NETWORK SOLUTIONS (HK) LTD
SUITES 1-3  16/F  KINWICK CTR
32 HOLLYWOOD ROAD
CENTRAL
HONG KONG

DATE: 06 JUL 2005

A/C NO.:  REDACTED

USD ****** REDACTED HAS BEEN CREDITED TO YOUR ACCOUNT TODAY

BEING REMITTANCE FROM WELLS FARGO BK NA SAN FRANCISCO

FOR  USD ********

BY ORDER OF        REDACTED

ORDERING INSTITUTION:    REDACTED
PAYMENT DETAILS : /RFB/000000151
                 PO612

OUR REF NO.: TT50706320-00

COMPUTER GENERATED ADVICE, NO AUTHORISED SIGNATURE(S) IS(ARE) REQUIRED.

The Bank of East Asia, Limited  東亞銀行有限公司
10 Des Voeux Road Central, Hong Kong  香港中環德輔道中10號
Telephone 電話 (852) 2842 3200  Facsimile 傳真 (852) 2845 9333  Telex 電傳 HX 73017
www.hkbea.com

# ⊛ BEA 東亞銀行

FX SETTLEMENT DEPARTMENT - REMITTANCE SECTION

CREDIT ADVICE

ICL NETWORK SOLUTIONS (HK) LTD                    DATE: 07 JUL 2005
SUITES 1-3  16/F  KINWICK CTR
32 HOLLYWOOD ROAD
CENTRAL
HONG KONG

A/C NO.   **REDACTED**

USD ******REDACTED** HAS BEEN CREDITED TO YOUR ACCOUNT TODAY

BEING REMITTANCE FROM WELLS FARGO BK NA SAN FRANCISCO

FOR  USD ********    **REDACTED**

BY ORDER OF

ORDERING INSTITUTION: **REDACTED**
PAYMENT DETAILS : /RFB/000000152

OUR REF NO.: TT50707552-00

COMPUTER GENERATED ADVICE, NO AUTHORISED SIGNATURE(S) IS(ARE) REQUIRED.

The Bank of East Asia, Limited 東亞銀行有限公司
10 Des Voeux Road Central, Hong Kong 香港中環德輔道中10號
Telephone 電話 (852) 2842 3200  Facsimile 傳真 (852) 2845 9333  Telex 電傳 HX 73017
www.hkbea.com

# ✿ BEA 東亞銀行

FX SETTLEMENT DEPARTMENT - REMITTANCE SECTION

CREDIT ADVICE

ICL NETWORK SOLUTIONS (HK) LTD                    DATE: 18 JUL 2005
SUITES 1-3  16/F  KINWICK CTR
32 HOLLYWOOD ROAD
CENTRAL
HONG KONG

A/C NO.  REDACTED

USD *****REDACTED HAS BEEN CREDITED TO YOUR ACCOUNT TODAY

BEING REMITTANCE FROM WELLS FARGO BK NA SAN FRANCISCO

FOR  USD ********

BY ORDER OF   REDACTED


ORDERING INSTITUTION: REDACTED
PAYMENT DETAILS : /RFB/000000157



OUR REF NO.: TT50718458-00



COMPUTER GENERATED ADVICE, NO AUTHORISED SIGNATURE(S) IS(ARE) REQUIRED.


The Bank of East Asia, Limited 東亞銀行有限公司
10 Des Voeux Road Central, Hong Kong 香港中環德輔道中10號
Telephone 電話 (852) 2842 3200  Facsimile 傳真 (852) 2845 9333  Telex 電傳 HX 73017
www.hkbea.com