IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

HEWLETT-PACKARD COMPANY,
and HEWLETT-PACKARD
DEVELOPMENT COMPANY, L.P.,

        Plaintiffs,

v.

ICL NETWORK SOLUTIONS
(HK) LIMITED,

        Defendant.

Civil Action No.: 05-cv-40153 (FDS)

**MEMORANDUM IN SUPPORT OF ICL NETWORK SOLUTIONS (HK) LTD.'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

## I. INTRODUCTION

Defendant ICL Network Solutions (HK) Limited ("ICL Network Solutions") is a Hong Kong corporation that does not have sufficient contacts with Massachusetts (or any other state) to permit the Court's exercise of jurisdiction over it. ICL Network Solutions therefore requests this Court grant its Motion to Dismiss for Lack of Personal Jurisdiction.

## II. STATEMENT OF FACTS

ICL Network Solutions is a corporation organized under the laws of Hong Kong, founded on March 30, 2004, and is an independent distributor for various networking and storage products. (Declaration of Irene Chua at ¶3-4., attached as Exhibit 1.) ICL Network Solutions is a small, privately held Hong Kong entity with a registered business

address at 1601-1603 Kinwick Centre, 32 Hollywood Road, Central, Hong Kong. Id. at ¶4.

The company has no place of business, no employees, no sales representatives, no distributors and no agents in Massachusetts or anywhere in the United States; is not licensed to do business anywhere in the United States; does not pay taxes in the United States; and has no offices, no property, no personnel, no manufacturing facilities, and no bank accounts in the United States. Id. at ¶¶5-6. Furthermore, ICL Network Solutions does not advertise in any United States magazine or newspaper, and the company attends no trade shows in the United States. Id. at ¶7.

Customers purchase products by contacting the company. Id. at ¶8. Although ICL Network Solutions does have a customer that does business in Massachusetts,[1] it purchased products from ICL Network Solutions in Hong Kong, and the company has never designed, manufactured, or sold any accused hard drives in Massachusetts. Id. at ¶¶11, 13-17.

According to the terms of sale set out in ICL Network Solutions' invoices, "Title and risk of loss for the goods identified in this invoice pass to the Buyer upon receipt by Seller of Buyer's payment in full." Id. at ¶17; Chua Exhibit A. Payment was made to ICL Network Solutions' bank in Hong Kong. Id. at ¶14. ICL Network Solutions did not design, reproduce, manufacture, or have the products or packaging made in the United States, or anywhere else, but purchased them in good faith, in their packaging, from a

---

[1] ICL submits that it does not have control over the actions of its customers and is not responsible for their actions. Further, ICL states that its customer list is confidential, and as there is currently no protective order in place, it has redacted its customers' names and other confidential information from any exhibits attached to this filing.

vendor in China. Id. at ¶¶10-11. They were delivered from the vendor's warehouse in China to ICL Network Solutions in Hong Kong. Id. at ¶15.

ICL Network Solutions does not open or change the packaging on goods they receive, providing them to the customer in the same condition and state as sold by the vendor, without alteration. Id. at ¶9.

Worcester Air Freight was not hired by ICL Network Solutions, and they have never communicated with them or done any business with that freight carrier. Id. at ¶19.

ICL Network Solutions has a history of properly using the trademarks of others, as can be seen from the advisory notice on their website: "All SUN, Compaq, Cisco, 3COM, Hewlett Packard and IBM products and product service names mentioned herein and in linked pages are trademarks, or registered trademarks of their respective owners/companies or mark holders. ICL Network Solutions (HK) Ltd. is an independent dealer and is in no way affiliated with Sun Microsystems or any other company." Id. at ¶12; see also, web page excerpts attached as Exhibit A to Affidavit of Jin H. Kim.

As these facts reveal, there are no contacts between ICL Network Solutions and Massachusetts, or anywhere else in the United States, sufficient to justify its presence in this suit. Furthermore, ICL Network Solutions' customers are entirely separate from ICL Network Solutions, and, therefore, any of the customers' purported contacts cannot be imputed to ICL Network Solutions.

Accordingly, this Court lacks jurisdiction over ICL Network Solutions.

## III.     APPLICABLE LEGAL STANDARDS

Plaintiffs bear the burden of establishing personal jurisdiction over ICL Network Solutions. Ticketmaster-New York v. Alioto, 26 F.3d 201, 207 (1st Cir. 1994) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)).  They have not met their burden.  In fact, Plaintiffs allege only that "this action arises out of wrongful acts committed by Defendant in this judicial district which subjects Defendant to the personal jurisdiction of this Court."  Complaint at ¶7.  As is clear from the Declaration of Irene Chua, that allegation is simply not accurate.  ICL Network Solutions has committed no acts in this judicial district.

As a trademark case in Massachusetts allegedly brought pursuant to federal question jurisdiction, this Court can only have personal jurisdiction over ICL Network Solutions if Massachusetts's long-arm statute (MGL 223A, § 3) or the federal rule whereby proper service may denote personal jurisdiction (Fed. R. Civ. P. 4(k)(2)) apply. In re Lupron Mktg. & Sales Practices Litig., 245 F. Supp. 2d 280, 288 (D. Mass. 2003). Exercise of personal jurisdiction under either MGL 223A, § 3 or Fed. R. Civ. P. 4(k)(2) must be consistent with federal due process.  United States v. Swiss Am. Bank, Ltd., 191 F.3d 30, 36 (1st Cir. 1999).

Federal due process requires that ICL Network Solutions have at least a "minimum level of contact" with Massachusetts before personal jurisdiction may be exercised under MGL 223A, § 3.  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980); International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). "Minimum contacts" refer to substantively relevant, forum-related facts, and can result in

either "general" or "specific" jurisdiction. Noonan v. Winston Co., 135 F.3d 85, 89 (1st Cir. 1998)

The Court undertakes the same "minimum contacts" analysis under Fed. R. Civ. P. 4(k)(2), "but the analytic exercises are performed with reference to the United States as a whole," rather than with reference to a particular state. Szafarowicz v. Gotterup, 68 F.Supp.2d 38, 40 (D. Mass. 1999).

### IV. LEGAL ARGUMENT

### 1. THIS COURT DOES NOT HAVE "GENERAL" JURISDICTION OVER ICL NETWORK SOLUTIONS

As noted, for the Court to assert "general" jurisdiction over a non-resident defendant, the defendant's contacts with the forum state must be "continuous and systematic." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 413-14 (1984); Glater v. Eli Lilly & Co., 744 F.2d 213, 216 (1st Cir. 1984). The standard for establishing general jurisdiction is considerably more stringent than that applied to specific jurisdiction questions. Noonan, 135 F.3d at 93. In addition, courts must exercise even greater care before exercising personal jurisdiction over foreign nationals. Asahi Metal Indust. Co. v. Superior Court, 480 U.S. 102, 115 (1987).

Factors to be taken into consideration when determining if general jurisdiction exists include the defendant's business contacts with the forum state, use of the forum state's marketplace, designation of a forum agent for service of process, forum license, and incorporation within the forum state. World-Wide Volkswagen, 444 U.S. at 295.

As discussed above, ICL Network Solutions is a Hong Kong corporation that has no offices in Massachusetts and is not licensed or registered to do business in Massachusetts. (Chua Decl. at ¶5.) It has no employees and owns no property in

Massachusetts, and does not file taxes or have bank accounts in Massachusetts. Id. at ¶¶5-6. It is not listed in any U.S. directory. Id. at ¶4.

Based on the foregoing, the Court should hold that it does not have general jurisdiction over ICL Network Solutions See Helicopteros Nacionales de Colombia, S.A., 466 U.S. at 413-14; World-Wide Volkswagen, 444 U.S. at 295.

**2.   THIS COURT DOES NOT HAVE "SPECIFIC" JURISDICTION OVER ICL NETWORK SOLUTIONS**

The First Circuit employs the following test when determining whether the exercise of "specific" jurisdiction comports with due process: (1) the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable; (2) the plaintiff's claims must directly arise out of, or relate to, the defendant's forum-state activities; and (3) the exercise of jurisdiction must be reasonable. Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 60-61 (1st Cir. 2002).

As demonstrated below, the Court does not have specific jurisdiction over ICL Network Solutions under the applicable test.

**A.   ICL Network Solutions has not "purposely availed itself" of the benefits and protections of the laws of Massachusetts.**

"Minimum contacts" will be found where the non-resident defendant has directed its activities at residents of the forum state and where the litigation "arises out of or relates to" those activities. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985).[2]

---

[2] A non-resident defendant "engaged in significant activities within a State or [who] has

Mere foreseeablility that a product will reach the forum state alone is not enough; instead, the connection with the forum state must be such that a defendant "should reasonably anticipate being haled into court there." A-Connoisseur Transp. Corp. v. Celebrity Coach, Inc., 742 F. Supp. 39, 43 (D. Mass. 1990) ("The mere fact that an entity in Massachusetts executes a contract with an entity in another state does not automatically constitute sufficient contact so as to confer a finding of personal jurisdiction. Rather, the court is to look at all of the communications and transactions between the parties, before, during and after the consummation of the contract, to determine the degree and type of contacts the defendant has with the forum, apart from the contract alone.") (citing Burger King Corp., 471 U.S. at 479)).This connection between the defendant and the forum state must come about

> by an action of the Defendant purposefully directed toward the forum State. The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State. *** [A] defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum state.

Asahi Metal, 480 U.S. at 112 (plurality opinion) (emphasis in original);[3] Hasbro, Inc. v. Clue Computing, Inc., 994 F. Supp. 34, 44-45 (D. Mass. 1997) ("The purposeful availment test articulated by the plurality in Asahi, and applied by the courts in trademark

---

created 'continuing obligations' between himself and the residents of the forum" is said to have "purposely availed" himself of the benefits of the forum state. Burger King Corp., 471 U.S. at 475-76.

[3] This rule is designed to ensure that a non-resident defendant is not brought into court in the forum state based on some "random, fortuitous, or attenuated contacts" with the forum state. Burger King Corp., 471 U.S. at 475.

7

infringement cases, requires that the defendant's contact with the forum state not be due to happenstance. This requirement goes beyond simple "foreseeability" to ensure that only those defendants that willingly and purposefully avail themselves of the benefits of a state will be brought to court there.").

Under Asahi Metal, the mere fact that a defendant's product enters the forum state is not enough to establish minimum contacts. There must also be evidence that defendant designed the product for the market in the forum state, advertised in the forum state, established channels for providing regular advice to customers in the forum state, or marketed the product through a distributor who has agreed to serve the forum state. Asahi Metal, 480 U.S. at 112.

In the present case, however, ICL Network Solutions, to the contrary, has not engaged in any such conduct anywhere in the United States, let alone in Massachusetts. They do not advertise in the U.S. and are not found in any U.S. telephone directory. (Chua Decl. at ¶¶4, 7.) The product and packaging were not designed by ICL Network Solutions at all, and the company has no distributors or agents in the U.S. Id. at ¶¶5, 9 and 11. Instead, the evidence shows that all activities relating to the goods at issue, and to ICL Network Solutions, took place in Hong Kong and China. Id. at ¶¶10-11; 13-18. ICL Network Solutions did sell products having the same part number in July 2005, in Hong Kong, but has had no control over those goods since title passed and the goods left Hong Kong. Id. at ¶¶16-18.

Title of the goods was transferred in Hong Kong, not in the United States. No ICL Network Solutions officer or employee comes to Massachusetts for business purposes, and it has no bank accounts, offices, or real estate in Massachusetts. Id. at ¶6.

Under these circumstances, ICL Network Solutions would not expect to be a defendant in a Massachusetts court.

Accordingly, the Court should dismiss ICL Network Solutions from this lawsuit because it has not purposefully availed itself of the benefits and protections of the laws of Massachusetts, which is an essential requirement in asserting specific personal jurisdiction over a non-resident defendant. Hanson v. Denckla, 357 U.S. 235, 253 (1958).

### B. There is no causation between plaintiffs' claim and ICL Network Solutions' purported contacts with Massachusetts.

The second requirement for establishing specific jurisdiction is showing that the non-resident defendant's contacts (those constituting "purposeful availment") give rise to the current suit. Foster-Miller, Inc. v. Babcock & Wilcox Can., 46 F.3d 138, 144 (1st Cir. 1995).

In the present case, plaintiffs' claims are for alleged trademark counterfeiting, which occurs when a party uses "a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services." 15 U.S.C. § 1116(d)(1)(A); see Complaint at ¶¶18-31. Plaintiffs also allege trademark infringement under 15 USC §1114. This requires plaintiffs to demonstrate that their claims arise from the "sale, offering for sale, distribution, or advertising" of accused hard drives by ICL Network Solutions in Massachusetts "with which such use is likely to cause confusion, or to cause mistake, or to deceive". See id.; Complaint at ¶¶32-38. Finally, plaintiffs allege unfair competition and practices under federal, state, and common law. See Complaint at ¶¶39-56.

As established above, the purposeful availment requirement cannot be satisfied. ICL Network Solutions does not make, use, offer for sale, or sell hard drives in

9

Massachusetts. (Chua Decl. at ¶11.) Indeed, trademarks are territorial in nature; a United States trademark confers no protection as to acts taking place entirely in foreign countries. Accordingly, none of ICL Network Solutions' alleged conduct in Massachusetts could possibly give rise to plaintiffs' claims.

Thus, the second specific jurisdiction requirement cannot be met, further supporting ICL Network Solutions' dismissal from this lawsuit.

### C. Under the totality of the circumstances, the Court's exercise of specific jurisdiction over ICL Network Solutions would be unreasonable.

Third, to establish specific jurisdiction, a court's exercise of personal jurisdiction "must comport with fair play and substantial justice." Burger King Corp., 471 U.S. at 476. The Court considers 3 factors in determining reasonableness: (1) The burden on the defendant of defending in the forum state; (2) the forum state's interest in adjudicating the dispute; and (3) the plaintiff's interest in obtaining relief. Asahi Metal, 480 U.S. at 113.

Even if ICL Network Solutions had sufficient "minimum contacts" with Massachusetts, which it does not, the Court may not exercise personal jurisdiction over it because it would be unreasonable to bring ICL Network Solutions into this Massachusetts lawsuit. See World-Wide Volkswagen, 444 U.S. at 292 (declining personal jurisdiction over the defendant where it would be unreasonable).

#### (1) Massachusetts litigation would impose a heavy burden on ICL Network Solutions

The first factor considers the burden on ICL Network Solutions, a Hong Kong corporation, of defending plaintiffs' claim in Massachusetts. "The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant

weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." Asahi Metal, 480 U.S. at 114.

Indeed, even if the Court concludes that plaintiffs' burden of litigating this case in Hong Kong would be equal to ICL Network Solutions' burden of litigating in Massachusetts, the second factor tips in favor of the defendant because the burden on the defendant is always a primary concern in the law of personal jurisdiction. World-Wide Volkswagen, 444 U.S. at 292. ICL Network Solutions is a small, privately held company in Hong Kong. Hong Kong is in a time zone exactly 12 hours away from Massachusetts, precluding timely communication and making defense of the suit in this forum a hardship.

In this case, it would be unreasonable to require ICL Network Solutions to litigate in a remote forum where it has never conducted business. This factor tips heavily in ICL Network Solutions' favor.

> **(2) Massachusetts has little interest in adjudicating this dispute against ICL Network Solutions, and plaintiffs have little interest in obtaining relief against ICL Network Solutions in this forum.**

ICL Network Solutions anticipates that plaintiffs will argue that Massachusetts has an interest in adjudicating this dispute against ICL Network Solutions, and plaintiffs have an interest in obtaining relief in this forum. However, neither plaintiff is incorporated in Massachusetts, or has its principal place of business here. Hewlett-Packard Company is a Delaware corporation with a principal place of business in California, and Hewlett-Packard Development Company is a Texas entity with a principal place of business in Texas. Complaint, ¶2-3. Thus, Massachusetts has little

interest in adjudicating this dispute, and Plaintiffs clearly have minimal interest in obtaining relief in this forum.

For the above reasons, there is no specific jurisdiction over ICL Network Solutions, and its motion to dismiss should be granted.

**3.      THERE IS NO BASIS FOR PERSONAL JURISDICTION OVER ICL NETWORK SOLUTIONS BASED ON FED. R. CIV. P. 4(k)(2)**

The Court does not have jurisdiction under Massachusetts's long-arm statute (MGL 223A, § 3) because it does not have sufficient contacts with Massachusetts, as described above. Without personal jurisdiction over ICL Network Solutions pursuant to Massachusetts's long-arm statute (MGL 223A, § 3), the Court has jurisdiction only if ICL Network Solutions' contacts with the United States as a whole permit the Court to exercise general or specific jurisdiction under Fed. R. Civ. P. 4(k)(2).

Personal jurisdiction under Fed. R. Civ. P. 4(k)(2) is proper if (1) plaintiffs' claim arises under federal law; (2) ICL Network Solutions is beyond the reach of any state court of general jurisdiction; *and* (3) the Court's exercise of jurisdiction does not offend the Constitution or other federal law. Swiss Am. Bank, Ltd., 191 F.3d at 38.

Plaintiffs have not met their burden of demonstrating that exercise of jurisdiction in this case comports with due process and would not offend the Constitution or federal law. ICL Network Solutions does not have sufficient "minimum contacts" to comport with due process. As noted, ICL Network Solutions has no registered agent for service of process in the United States; is not registered or licensed to conduct business in the United States; has never maintained manufacturing facilities or offices in the United States, nor owned any real or personal property in the United States; has no personnel

working or living in the United States; and has never maintained a bank account or been listed in any telephone directory in the United States. See Chua Decl. at ¶¶4-6.

For these reasons, the Court lacks jurisdiction over ICL Network Solutions under Fed. R. Civ. P. 4(k)(2), the federal long-arm statute, and ICL Network Solutions should be dismissed from this action.

## V. CONCLUSION

Based on the foregoing, ICL Network Solutions respectfully requests that it be dismissed from this action with prejudice pursuant to Fed. R. Civ. P. 12(b)(2) because this Court lacks personal jurisdiction over ICL Network Solutions.

Respectfully submitted,

Dated: September 22, 2005
/s/ Ann Lamport Hammitte
Ann Lamport Hammitte, BBO No. 553,263
Emily A. Berger, BBO No. 650,841
LOWRIE, LANDO & ANASTASI, LLP
Riverfront Office Park
One Main Street - 11th Floor
Cambridge, MA 02142
Tel: 617-395-7000
Fax: 617-395-7070

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Memorandum in Support of Defendant's Motion to Dismiss for Lack of Personal Jurisdiction was served upon counsel listed below by electronically filing with the court on September 22, 2005.

Louis M. Ciavarra
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
lciavarra@bowditch.com

/s/ Emily A. Berger