UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
**HEWLETT-PACKARD COMPANY and**   )
**HEWLETT-PACKARD DEVELOPMENT**  )
**COMPANY, L.P.,**                              )
                                                    )   Civil Action No.
       **Plaintiffs,**                        )   05-40153-FDS
                                                    )
       v.                                        )
                                                    )
**ICL NETWORK SOLUTIONS (HK),**    )
**LIMITED,**                                     )
                                                    )
       **Defendant.**                        )
_____)

## PRELIMINARY INJUNCTION ORDER

**SAYLOR, J.**

After a hearing, for good cause shown, and pursuant to Fed. R. Civ. P. 65, defendant ICL Network Solutions (HK), Limited, is hereby preliminarily restrained and enjoined, pending trial of this matter on the merits, as follows:

1. Defendant ICL Network Solutions, (HK), Ltd. ("ICL"), its employees, agents, successors, assigns, attorneys, officers, companies, subsidiaries, proprietorships, and all persons in active concert with them, are preliminarily restrained and enjoined from:

    a. Using the marks HP (U.S. Registration Nos. 1116835 and 1840215); HP AND DESIGN (ROUNDED RECTANGLE) (U.S. Registration No. 1842724); and HP INVENT & DESIGN (US Registration Nos. 2586062 and 2474422) (collectively herein referred to as the "HP Marks"), or any other trademark, service mark, trade name, or logo confusingly similar to the HP Marks, including any reproduction, counterfeit, copy, or colorable imitation of the HP Marks, in connection with the

        advertising, manufacturing, offering for sale, distribution, or sale of computer hard drives and/or any other goods not authorized by Hewlett-Packard Company or Hewlett-Packard Development Company ("Hewlett-Packard");

b.    Using the HP Marks, or any other trademark, service mark, trade name, or logo confusingly similar to the HP Marks, including any reproduction, counterfeit, copy, or colorable imitation of the HP Marks, in any manner likely to cause others to believe that computer hard drives and/or any goods not authorized by Hewlett-Packard are made by, distributed by, associated or connected with Hewlett-Packard's goods or services;

c.    Shipping, delivering, importing, distributing, returning, transferring, destroying or otherwise moving or disposing of in any manner such hard drives and/or other goods, packaging or other material falsely bearing or intended to bear the HP Marks or any reproduction, counterfeit, copy, or colorable imitation of same;

d.    Passing off, including or enabling others to sell or pass off any hard drives and/or other goods which are not authorized by Hewlett-Packard as new and genuine Hewlett-Packard goods;

e.    Committing any other acts calculated to cause actual or potential purchasers to believe that Hewlett-Packard is the source or sponsor of computer hard drives and/or any goods not authorized by Hewlett-Packard;

f.    Assisting, aiding, or abetting any supplier, distributor, or any other person or business entity engaging in or performing any of the activities referred to in the above subparagraphs a through e; and

g.    Effecting assignments or transfers, forming new entities or associations, or using

any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in paragraphs a through f, above.

2. ICL is required to give immediate notice, if it has not already done so, by first class mail to all customers in the United States to which it has sold any hard drives and/or other goods which are not authorized by Hewlett-Packard as new and genuine Hewlett-Packard goods within the last twelve months, notifying such customers that such hard drives and/or other goods may be counterfeit.

3. ICL, its employees, agents, successors, assigns, attorneys, officers, companies, subsidiaries, proprietorships, and all persons in active concert or participation with them, are hereby ordered to preserve any and all documents in their possession, custody, or control (including but not limited to correspondence, e-mail, bills of sale, bills of lading, or other transfer documents) related to any hard drive and/or other goods, packaging, or other material received from or consigned or delivered by ICL that bear any trademarks of Hewlett-Packard, including but not limited to the trademarks HP or HP INVENT.

**So Ordered.**

September 23, 2005

 /s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
United States District Judge