**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION**

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, and HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P.<br><br>Plaintiffs,<br><br>v.<br><br>ICL NETWORK SOLUTIONS (HK), LTD and C2C TECHNOLOGY, INCORPORATED,<br><br>Defendants. | Civil Action No. 05-40153 FDS |

**REQUEST FOR LEAVE TO FILE SUPPLEMENTAL BRIEF; SUPPLEMENTAL BRIEF OF PLAINTIFFS HEWLETT-PACKARD COMPANY AND HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P. RE INTENT**

### REQUEST FOR LEAVE TO FILE SUPPLEMENTAL BRIEF

At the September 23, 2005, hearing on the order to show cause, the Court stated it would accept supplemental briefing if the parties believed it appropriate to offer additional arguments on issues relevant to the preliminary injunction that the Court entered that day.  Pursuant to the Court's questions at the September 23, 2005 hearing, Plaintiffs Hewlett-Packard Company and Hewlett-Packard Development Company, L.P. (collectively, "Hewlett-Packard") hereby respectfully seek leave to file its Supplemental Brief regarding the relevance of a defendant's intent or good faith belief under the Lanham Act.

### SUPPLEMENTAL BRIEF RE SIGNIFICANCE OF INTENT FOR COUNTERFEITING LIABILITY

Hewlett-Packard filed its original Complaint against Defendant ICL Network Solutions (HK), Ltd. ("ICL") on September 1, 2005.[1]  On the same day, Hewlett-Packard also applied on an ex parte basis to this Court for a temporary restraining order and an order to show cause why a preliminary injunction should not issue.  The parties then appeared before the Court for a hearing on the order to show cause on September 23, 2005.  During that hearing, counsel for ICL represented that ICL had purchased the infringing goods without knowledge that they were counterfeit.  The Court raised the issue of whether intent (or lack thereof) was relevant to the decision on the preliminary injunction.

Although Hewlett-Packard believes that the evidence will ultimately show that ICL acted with awareness (or willful ignorance) regarding the counterfeit nature of the goods at issue, Hewlett-Packard submits this short supplemental brief to note that a defendant's intent or good faith belief concerning whether goods are or are not counterfeit is not necessary to a finding of *liability* in a counterfeiting action under the Lanham Act.  *See Polo Fashions, Inc. v. Fernandez*, 655 F.Supp. 664, 667 (D.P.R. 1987) ("the mere selling of counterfeit goods constitutes

---

[1] On September 21, 2005, Hewlett-Packard filed its First Amended Complaint, adding C2C Technology, Inc. as a co-defendant in this action.

trademark infringement even if the seller did not know the goods were counterfeit"); *Polo Fashions, Inc., v. Branded Apparel Merchandising, Inc.*, 592 F. Supp. 648, 650 (D. Mass. 1984) ("any person who sells goods bearing a counterfeit registered trademark such that the sale is likely to cause confusion among potential customers is civilly liable to the registrant . . . [t]he registrant need not prove intent to deceive in order to recover"); *see generally Star Financial Services, Inc. v. AASTAR Mortg. Corp.*, 89 F.3d 5, 11 (1st Cir. 1996) ("[e]vidence of bad intent . . . is simply not required in a trademark infringement case). Furthermore, while an infringer's intent to cause confusion or deception *may* effect the granting of certain remedies, intent is not a prerequisite to injunctive relief or the recovery of actual damages. *See generally* J. Thomas McCarthy, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION §§30:2, 30:75 (West 2005) (no finding of wrongful intent needed in order to award injunctive relief or actual damages).

Dated: September 29, 2005

               Respectfully submitted,

               /s/ Shannon Scott
               SHANNON SCOTT

               Louis M. Ciavarra (BBO#546481)
               BOWDITCH & DEWEY, LLP
               311 Main Street
               P.O. Box 15156
               Worcester, MA 01615-0156
               Telephone: (508) 926-3408
               Facsimile: (508) 929-3011

               Martin R. Glick/Simon J. Frankel
               Jin Kim/Shannon Scott
               HOWARD RICE NEMEROVSKI CANADY
                 FALK & RABKIN
               Three Embarcadero Center, 7th Floor
               San Francisco, CA 94111
               Telephone: (415) 434-1600
               Facsimile: (415) 217-5910

               *Attorneys for Plaintiffs*
               *HEWLETT-PACKARD COMPANY, and*
               *HEWLETT-PACKARD DEVELOPMENT*
               *COMPANY, L.P.*