IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, and HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> ICL NETWORK SOLUTIONS (HK), LIMITED, and C2C TECHNOLOGY, INCORPORATED. <br><br> Defendants. | Civil Action No. 05-40153 FDS |

[PROPOSED] CONSENT JUDGMENT AND PERMANENT INJUNCTION

Plaintiffs Hewlett-Packard Company and Hewlett-Packard Development Company, L.P. (collectively, "Hewlett-Packard") and Defendant C2C Technology, Inc. ("C2C") entered into a Settlement Agreement effective December 31, 2005. Hewlett-Packard and Defendant ICL Network Solutions (HK), Limited ("ICLNS") entered into a Settlement Agreement effective July 17, 2006. C2C and ICLNS are collectively referred to as "Defendants." Hewlett-Packard and Defendants, having settled their dispute, have agreed to entry of this Consent Judgment and Permanent Injunction in compromise of their respective claims and defenses in this action. Good cause appearing therefore,

IT IS HEREBY ADJUDGED, DECLARED AND ORDERED THAT:

1. Hewlett-Packard recover from ICLNS the principal amount of $110,000, with no costs and no prejudgment interest for a total judgment of $110,000, with interest as provided by law.

2. Defendants, including their officers, agents, owners, employees, successors, affiliates, and any persons in active concert or participation with Defendants, are hereby permanently restrained and enjoined from:

    a. Using HP (U.S. Registration Nos. 1116835 and 1840215); HP AND DESIGN (ROUNDED RECTANGLE) (U.S. Registration No. 1842724); and HP INVENT & DESIGN (U.S. Registration Nos. 2586062 and 2474422) (collectively herein referred to as the "HP Marks"), or any other trademark, service mark, trade name, or logo confusingly similar to the HP Marks, including any reproduction, counterfeit copy or colorable imitation of the HP Marks, in connection with the advertising, manufacturing, offering for sale, distribution or sale of computer hard drives, memory kits, mini-gbics and/or any other goods not authorized by Hewlett-Packard;

    b. Using Hewlett-Packard's HP, HP logo, HEWLETT-PACKARD, and/or HP INVENT trademarks, or any other trademark, service mark, trade

Case 4:05-cv-40153-FDS    Document 49    Filed 07/20/2006    Page 3 of 4

name, or logo confusingly similar to the HP Marks, including any reproduction, counterfeit, copy or colorable imitation of said marks in any manner likely to cause others to believe that any unauthorized goods (e.g., counterfeit goods) are made by, distributed by, associated or connected with Hewlett-Packard;

c. Shipping, delivering, importing, distributing, transferring, destroying or otherwise moving in any manner such hard drives, memory kits, mini-gbics and/or other goods, packaging or other material falsely bearing or intended to bear the HP Marks or any reproduction, counterfeit, copy or colorable imitation of the same;

d. Passing off, inducing or enabling others to sell or pass off any hard drives, memory kits, mini-gbics and/or other goods that are not authorized by Hewlett-Packard as new and genuine Hewlett-Packard goods;

e. Committing any other acts calculated to cause actual or potential purchasers to believe that Hewlett-Packard is the source of Defendant's goods; and

f. Assisting, aiding or abetting any supplier, distributor or any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs a. through e.

3. Nothing herein shall be interpreted to prevent Defendants from selling legitimately branded Hewlett-Packard products, new, used, or refurbished, provided that Defendants shall exercise reasonable due diligence to investigate and ensure that such products they are marketing and selling are in fact legitimately branded Hewlett-Packard products. Nothing herein shall be interpreted to prevent Defendants from lawfully selling third party products.

4. The Court retains jurisdiction to enforce or modify this Order as may be appropriate.

DATED: August 1, 2006

_____
UNITED STATES DISTRICT JUDGE

IT IS AGREED among the parties that this Consent Judgment and Permanent Injunction may be entered as a final determination between the Hewlett-Packard and Defendants in this Action.

DATED: July 19, 2006    MARTIN R. GLICK
                        JIN H. KIM
                        HOWARD RICE NEMEROVSKI CANADY
                            FALK & RABKIN
                        A Professional Corporation


                        By: _____/s/ Jin H. Kim_____

                        Attorneys for Plaintiffs HEWLETT-PACKARD
                        COMPANY and HEWLETT-PACKARD
                        DEVELOPMENT COMPANY, L.P.


DATED: July 18, 2006    C2C TECHNOLOGY, INC.


                        By: _____/s/ Bryan Phillips_____
                        Its: _____Executive Vice President_____


DATED: July 16, 2006    ICL NETWORK SOLUTIONS (HK) LIMITED


                        By: _____/s/ Irene Chua_____
                        Its: _____President_____